Perry Rowan SMITH, Trustee, Appellant,

v.

PLAINVIEW HOSPITAL AND CLINIC FOUNDATION, a Corporation, Appellee.

No. 7513.

Court of Civil Appeals of Texas.

Amarillo.

June 21, 1965.

Rehearing Denied Sept. 7, 1965.

Glosserman, Alter, Smith & Rosenheim, San Antonio, for appellant.

LaFont, Tudor, Tunnell, Formby & Reep, Plainview, for appellee.

CHAPMAN, Justice.

This is a venue case involving an appeal from a judgment of the trial court overruling a plea of privilege of appellant, Perry Rowan Smith, Trustee, to have the case transferred to Bexar County, where he is domiciled.

Plainview Hospital And Clinic Foundation instituted the action in the District Court of Hale County against the joint executors of the estate of Mrs. Edna Foster Webb, deceased, and Perry Rowan Smith, Trustee, to recover· a money judgment against such executors and the trustee for expenses incurred at said hospital by Mrs. Webb, shortly prior to her death at eighty years of age. The joint executors were Harold Frierson, cashier of the Waggoner National Bank of Vernon, Texas, and A. M. Hyatt, vice-president of the Herring National Bank of Vernon, Texas. Neither of the joint executors have appealed.

The plea of privilege of Perry Rowan Smith was controverted with allegations urging exceptions under the provisions of Subdivisions 6, 4, and 29a of Article 1995, Vernon's Ann.Tex.Civ.St. The plea of privilege having been overruled, appeal was perfected upon points asserting Subsection B of the Texas Trust Act, Article 7425b–24, V.T.C.S., requires the suit shall be brought against a single trustee in the county where he resides and that the court erred in not holding that it did not have venue under the exceptions to Article 1995 alleged.

Exception 6 of Article 1995 provides:

> "If the suit is against an executor, administrator or guardian, as such, to establish a money demand against the estate which he represents, the suit may be brought in the county in which such estate is administered."

It is without contradiction in the record that this exception was established in the hearing, and appellant by brief so admits.

Appellant contends the suit is one requiring a construction of the liability of the trustee by virtue of the terms of the Trust Indenture itself. We disagree. The property constituting the trust shows by appellant's own testimony to have been established from community property of Mrs. Edna Foster Webb and her husband, and $10,000 contributed to it by a daughter in Montana, Dr. Atkins, after she learned she

was going to die of cancer and wanted to make provision for her mother's care while she, Dr. Atkins, was still able to do so. The very beginning of the trust and which requires no construction provides:

"This is a Trust Agreement to provide for the maintenance, health and support of Mrs. Edna Foster Webb, presently of Butte, Montana, during her lifetime and upon her death the residue of same shall be paid over, absolutely and in fee simple, as follows:

(a) One-half to Mrs. Mary Webb Dalehite, a feme sole, of San Antonio, Texas.

(b) One-half to Mrs. Norma Dalehite Smith, wife of Perry Rowan Smith, of San Antonio, Texas."

Mrs. Mary Webb Dalehite, named as residual beneficiary in the trust, is the daughter of Mrs. Edna Foster Webb, deceased, and Mrs. Norma Dalehite Smith is the daughter of Mrs. Mary Webb Dalehite and the wife of appellant herein.

The trust gives the trustee the authority to designate the place of residence of Mrs. Webb and the evidence shows he agreed to her living in Plainview. He testified he did not pay the bills for which the money judgment is sought because he was not consulted prior to the time they were incurred, but the record shows that even after she was placed in the hospital the trustee paid some of the nurses' charges.

It is without contradiction that the charges for which the money judgment is sought were the usual and customary charges for the various medical and hospital services, that they were reasonable and that they were necessary for the maintenance, health and support of the beneficiary of the trust, Mrs. Edna Foster Webb.

The record also shows that the residue of the property constituting the original trust is the only means by which appellee may satisfy its claim for services rendered.

The property listed in the inventory and appraisement as being the property of Mrs. Edna Foster Webb, deceased, shows to be the same property listed in the trust agreement. It is also without contradiction that the joint executors contended the property following the death of the beneficiary of the trust was in her estate and that appellant claims the trust owns the property.

Appellant admits there is no case directly in point interpreting the provisions of Article 7425b–24 under facts similar to those in the instant case.

Volume 1, Page 389, Section 157, Restatement of the Law of Trust, provides:

"Although a trust is a spendthrift trust or a trust for support, the interest of the beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary.

\*  \*  \*  \*  \*  \*

(b) For necessary services rendered to the beneficiary or necessary supplies furnished to him;

(c) For services rendered and materials furnished which preserve or benefit the interests of the beneficiary."

In a suit against a trust and an employee thereof in a tort action based upon the negligence of the trust employee the Texarkana Court of Civil Appeals held the action did not involve the trust indenture as such, so the Trust Act did not fix venue for such action in the county of the trustee. O. P. Leonard Trust v. Hare, Tex.Civ.App., 305 S.W.2d 833 (writ dismissed).

In City State Bank in Wellington v. National Bank of Commerce of Altus, Oklahoma, Tex.Civ.App., 261 S.W.2d 749 (N.R. E.) the Altus Bank and Albert Scoggin and Frank Brock sued the Wichita National Bank of Wichita Falls, Texas, and the Wellington bank just named for a sum representing the proceeds of a deposit in the Wellington bank by a cattle buyer, J. T. Boyd, for cattle he had purchased from Scoggin and Brock and then sold through

the Amarillo Livestock Auction, alleging the deposit by Boyd in the Wellington bank was for the specific purpose of paying two checks theretofore drawn on said bank and given to Scoggin and Brock in payment of 93 head of cattle.

On February 26, before the checks made to Scoggin and Brock reached the Wellington bank Boyd sold 92 head of cattle he had bought from them and deposited two checks he received for them from the Amarillo Livestock Auction. The Wellington bank received the proceeds from the Amarillo checks on February 29, but had theretofore applied all of Boyd's account to his overdraft. The Fort Worth Court of Civil Appeals, after holding from jury findings that the Wellington bank accepted Boyd's deposits made by him after instructing the bank they were for the specific purpose of paying the Scoggin and Brock checks, then stated: " * * * we do not believe that this suit is such an 'action'[1] as must be brought in the county of the 'trustee's' residence." (Footnote ours.)

■ The action in the instant case was clearly not one to require accounting by the trustee and to surcharge the trustee, and in our opinion is not one requiring such action to be filed in the county of the residence of such trustee within the purview of Article 7425b–24, Subsection B.

Since it is agreed, and without contradiction that venue was established in Hale County as to the joint executors we must determine if appellant is a necessary party under exception 29a of Article 1995.

■ All property possessed by Mrs. Webb, at the time of the creation of the trust, was placed therein. The character thereof had changed to some extent by the selling of their home in Galveston, for which a vendor's lien note was made to secure the payment, but for all practical purposes it was the same. The joint executors claimed to have the property in the deceased's, Edna Foster Webb's, estate, and the trustee claims to have all the assets of Edna Foster Webb, even though the purpose for its creation ceased with her death. Therefore, a judgment against either one that does not have the assets would avail Plainview Hospital And Clinic Foundation nothing. We must, therefore, conclude that Perry Rowan Smith is a necessary party.

In Amberson v. F. G. Rodgers & Company, Tex.Civ.App., 271 S.W.2d 846 (writ dismissed) the San Antonio Court of Civil Appeals in discussing Section 29a said:

"* * * where * * * a suit is properly maintainable against one defendant in a county other than the county of his residence, and the plaintiff therein joins another as defendant and seeks to sustain venue as to him under Section 29a, such other defendant is a necessary party within the meaning of Section 29a, if the complete relief to which plaintiff is entitled under the facts of the case as against the defendant properly suable in that county can be obtained only in a suit to which both defendants are parties."

It is clear in this case that appellee could not obtain complete relief without both appellant and the joint executors of the estate of Edna Foster Webb as defendants. See also Reva Corp. v. Golden Light Coffee & Equipment Co., Tex.Civ.App., 379 S.W.2d 133 (N.W.H.).

Accordingly, the judgment of the trial court is affirmed.

---

1. "Action" referred to in the quote had reference to the word "actions" used in Subsection B of Article 7425b–24.