The MAYFLOWER TRUST COMPANY,
Appellant,

v.

Lawrence A. NOWELL et al., Appellees.

No. 14999.

Court of Civil Appeals of Texas.

Houston.

March 16, 1967.

Rehearing Denied April 13, 1967.

Carter, Gallagher, Jones & Magee, Joe Hill Jones, Ben Warder, Jr., Dallas, for appellant.

L. Keith Simmer, Alton F. Curry, Houston, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, of counsel, for appellees.

WERLEIN, Justice.

This is an appeal from an order of the trial court overruling the plea of privilege of appellant, The Mayflower Trust Company. The suit was brought by Lawrence A. Nowell, Individually and as Next Friend of his minor children, as contingent or future beneficiaries under the Ames Nowell Trust, an irrevocable trust created by Ames Nowell in 1924, against Ames Nowell Individually and as Trustee of said trust, Henry V. Broady, and The Mayflower Trust Company, Individually and as Trustee of said trust, to recover trust assets, for damages for conversion of the same, for removal of the alleged trustees and for the appointment of appellee, Lawrence A. No-

well and some suitable corporation as substitute trustees. The Mayflower Trust Company filed its plea of privilege stating that venue of this cause of action lies in Dallas County, Texas by virtue of the provisions of Article 7425b–24, subd. B and Article 1995, Subd. 30, Vernon's Annotated Texas Civ.Statutes. Article 7425b–24, subd. B provides that where there are two or more trustees, venue shall lie in the county where the principal office of the trust is maintained. The plea of privilege admitted that the residence of appellant was in Harris County, Texas.

Appellees filed a controverting affidavit to said plea of privilege attaching thereto a copy of their first amended original petition which they adopted by reference and stated to be true and correct, denying that venue of this cause of action lies in Dallas County, and stating that the trial court had venue over the defendant, Henry V. Broady, a resident of Harris County, Texas, who was a necessary and proper party to the suit; that the defendants in the suit committed fraud and conversion in Harris County, Texas, to the injury of plaintiffs, within the meaning of Article 1995, Sections 4, 7 and 9 thereof, V.A.T.S., and further specifically denying that the principal office of the Ames Nowell Trust is or was maintained at the commencement of this action in the City of Dallas, Texas, and stating that the principal office of said trust was and is in the City of Houston, Harris County, Texas.

At the request of appellant for findings of fact and conclusions of law, the trial court found that appellant was a resident of Harris County, Texas, and that the principal office of the Ames Nowell Trust was in Harris County. The court concluded that Article 7425b–24, subd. B, V.A.T.S., does not fix exclusive venue of appellee's cause of action, and that the venue of the cause of action as against The Mayflower Trust Company, the party asserting its privilege, is properly laid in Harris County even if Article 7425b–24, subd. B, V.A.T.S., does apply to this action, since the principal office of the Ames Nowell Trust is in Harris County, Texas. Appellant asserts that the court erred in so finding and concluding because there was no evidence and insufficient evidence to support such finding and also because Article 7425b–24, subd. B, V.A.T.S., is mandatory.

The evidence is undisputed that appellant and one of the other defendants are residents of Harris County. Appellees alleged in their petition that if service could not be obtained on Ames Nowell in Dallas, he was amenable to service by serving the Secretary of the State of Texas, under Article 2031b, V.A.T.S., and that his last known address was "c/o John J. Dougherty, 29 Teresa Avenue, Yonkers, New York, 10704." There is in evidence a letter which is dated July 27, 1966 from Ames Nowell to Fannin Bank in Houston, Texas, in which the address of Ames Nowell is given as c/o Mr. John J. Dougherty, 29 Teresa Avenue, Yonkers, New York, 10704. Appellant although admitting that it was a resident of Harris County, Texas, contends that Harris County is not the principal place of business of the Ames Nowell Trust, and hence venue does not lie in Harris County.

The evidence shows that on or about May 2, 1966 the Ames Nowell Trust had approximately $2,500,000.00 in assets in the form of stocks and bonds, which were held by the Fannin Bank of Houston as corporate trustee of the Ames Nowell Trust. Mr. James Melton, Vice President and Trust Officer of the Fannin Bank, testified that for approximately four months the Fannin Bank was the corporate trustee of the Ames Nowell Trust, having been appointed by Ames Nowell. The trust instrument states that Ames Nowell reserved the power to remove the original corporate trustee and at any time within his discretion appoint another corporate trustee. Mr. Melton testified that the Fannin Bank was the corporate trustee of the trust from approximately the 18th day of January, 1966 until May 3, 1966. Mr. R. L. Collins testified that at such time he was President of The Mayflower Trust Company, and that the company had its of-

fice at 2625 Richmond Avenue in Houston, Texas, with its name on the door; that the office records of The Mayflower Trust Company were kept at said address; and that Ames Nowell rented the space for said office and arranged for stationery and letterheads showing such address. He also testified that the defendant, Henry V. Broady, lived in Houston, Harris County, Texas.

There is evidence that on or about May 2, 1966, Ames Nowell removed Fannin Bank as trustee, and caused all the assets of the trust to be delivered to The Mayflower Trust Company as corporate trustee of said trust; that all of the stocks and bonds, including bearer bonds, were taken by Collins, Ames Nowell and others to Washington where an effort was made to sell the assets; that the brokerage house in Washington, D. C., refused to sell the same, so they were brought back to Houston and placed in a safe deposit box with Fidelity Bank & Trust Company of Houston; that Collins placed the assets of the trust in a safe deposit box in Houston in Fidelity Bank & Trust Company; that between May 2 and May 24, 1966, the assets of the trust were located in several places; that the bulk of the assets of the trust were in said lock box up to the day that Collins' services terminated with The Mayflower Trust Company, and that he then turned the assets over to one Eugene Kinney; that Mr. Collins refused to turn the assets over to Mr. Kinney as requested by the defendant, Henry V. Broady, until Mr. Nowell gave him express instructions to do so.

The evidence also shows that Mr. Nowell had approximately $1,400,000.00 in trust assets delivered to Dittmar & Company of San Antonio for sale, and that the proceeds from the sale were used to buy Treasury notes which were purchased on June 8, 1966, and which were due and payable in cash on June 22, 1966. The evidence shows further that these Treasury notes were delivered to Mr. Ames Nowell in New York upon his instructions; that there is approximately $200,000.00 in trust assets in Hous-

ton, Texas, and that the only assets and office of the trust in the State of Texas are in Houston.

The evidence also shows that Ames Nowell at one time was a resident of Dallas. Mr. Collins testified that Ames Nowell was a resident of Dallas County, and as far as he knew his residence was still in Dallas. He knew of no office in Dallas and did not know whether Ames Nowell was in Dallas County or whether any of the assets of the trust were in Dallas County. There was no proof that any assets of the trust were in Dallas County or that any office or any officers of appellant or the trust were in Dallas County. The last known definite address of Ames Nowell was in New York.

The undisputed proof in the record is that The Mayflower Trust Company's offices were at 2625 Richmond Avenue, Houston, Harris County, Texas, in the early part of 1966, and that Ames Nowell removed the Fannin Bank as corporate trustee and caused the assets of the trust to be delivered to The Mayflower Trust Company as corporate trustee. Thereafter on May 13, 1966, The Mayflower Trust Company, as trustee, and Ames Nowell, Individually and as Trustee of the trust, executed an indemnity and escrow agreement with Fannin Bank, wherein Ames Nowell directed that during the term of the agreement the Fannin Bank was to make any demand upon the trustees of the trust at 2625 Richmond Avenue, Houston, Texas. Approximately $150,000.00 of trust assets in the form of bearer bonds were deposited in escrow in Houston, Harris County, Texas, in connection with the indemnity agreement. The other assets in Houston include about $30,000.00 worth of bearer bonds put up to secure attorney's fees and $21,000.00 put up to secure Mr. Collins' contract with The Mayflower Trust Company. There is no evidence that any of the assets of the trust are located anywhere in Texas other than in Houston. The $1,400,000.00 of trust assets used to purchase the short term Treasury notes were delivered to Ames Nowell in New York at his instructions. There is

no evidence that the principal affairs, or business, of the trust are transacted in Dallas.

In Bergfeld v. Campbell, 367 S.W.2d 364, Tex.Civ.App., Texarkana 1963, the trust instrument designated the principal office of the trust as Tyler, Texas. The court, however, found that the trust property was kept and maintained in a safe deposit box in Dallas and not in Tyler, and held that the principal office was in Dallas. So far as the evidence shows in the instant case, the trust assets in Texas are in Houston and nowhere else in Texas. There is no evidence showing that any of such assets are in Dallas. Furthermore, appellant failed to produce any evidence in its possession to rebut the testimony of appellees which established that the principal place of business of the trust in Texas was in Houston. In Dunn v. Johnson, 274 S.W.2d 108, Tex.Civ.App., Waco 1954, the court quoted from 17 Tex. Jur. 306, the following rule: " 'Usually the force of evidence, though slight, is greatly increased by the failure of the opposite party to rebut it, where it is obvious that the means are readily accessible to him. The failure of a party to take advantage of an opportunity to explain inculpatory circumstances is evidence against him, and his failure to produce evidence in his possession which might have rebutted a presumption against him strengthens such presumption. * * * ' "

■ We have carefully read the statement of facts and have concluded that there is evidence of probative force which warranted the court's finding that the principal place of business of the trust was in Harris County. Furthermore, we have concluded that we cannot say that the findings by the court with respect thereto are not supported by sufficient evidence or that they are so against the great weight and preponderance of the evidence as to be manifestly unjust.

■ An examination of Article 7425b–24, V.A.T.S., indicates that it is limited to suits brought to construe the provisions of a trust instrument, to determine the law applicable thereto, the powers, responsibilities, duties and liability of the trustee, the existence or non-existence of facts affecting the administration of the trust, or to require an accounting by the trustee and to surcharge the trustee. We agree with the trial court, that such article does not by its terms cover a suit such as the instant action brought for conversion of trust assets, for torts of the trustee, and damages for fraudulent acts by the trustee and others against the beneficiaries of the trust. In Arterbury v. U. S. Nat. Bank of Galveston, 194 S.W.2d 803, Tex.Civ.App., Galveston 1946, n. w. h., the court held that venue may be maintained outside the county where the trust is located where there may be joint and several liability of the trustees and local defendants. See also O. P. Leonard Trust v. Hare, 305 S.W.2d 833, Tex.Civ.App., Texarkana 1957, error dism., in which Article 7425b–1 et seq. was not applied in a tort action brought by a party not in privity with the trust. In Smith v. Plainview Hospital and Clinic Foundation, 393 S.W.2d 424, Tex.Civ.App., Amarillo 1965, error dism., the court said: "The action in the instant case was clearly not one to require accounting by the trustee and to surcharge the trustee, and in our opinion is not one requiring such action to be filed in the county of the residence of such trustee within the purview of Article 7425b–24, Subsection B."

■ Since the instant suit was not brought to construe the trust or to require an accounting by the trustee as such, but rather for the purpose of removing the trustees and to recover damages for conversion of trust assets by the trustees and third parties, it is our view that venue was properly laid in Harris County, the admitted residence of two of the party-defendants. Furthermore, it is our opinion that in any event the evidence amply supports the court's finding that the principal place of business of the trust was and is in Harris County, Texas.

Judgment affirmed.

COLEMAN, J., not sitting.