Leonard H. ARNOLD et al., Appellants,

v.

The AUSTIN NATIONAL BANK,
Appellee.

No. 18079.

Court of Civil Appeals of Texas,
Fort Worth.

April 5, 1979.

Fulbright & Jaworski and Martha Tobin, Houston, for Leonard H. Arnold and Arnold Cotton Co.

Dickerson, Hamel, Early & Pennock and William L. Bowers, Jr., Houston, for Arminta Carter Arnold.

Graves, Dougherty, Hearon, Moody & Garwood and R. Clarke Heidrick, Jr., Austin, for Austin National Bank.

### OPINION

SPURLOCK, Justice.

This is a venue case. Venue of a suit for declaratory relief was sustained in Travis County, Texas over the defendants' plea of privilege to have the case transferred to Houston County. The dispute centers around whether the nature of the suit involves the administration of an estate or a trust.

We affirm.

This suit for declaratory relief was brought by The Austin National Bank as co-trustee and co-executor under the will of Douglass H. Arnold, deceased, against Leonard H. Arnold, of Houston County, in his individual capacity and in his capacity as administrator of the estate of Della Arnold, deceased; Arnold Cotton Company of Houston County; Arminta Carter Arnold, surviving spouse of the deceased in her capacities as co-trustee and co-executor under the will of Douglass H. Arnold, deceased, of Houston County; Lynda Arnold Habbinga, of Travis County, and Gail Arnold Matthews, of Trinity County, both income beneficiaries of the trusts created by the will.

The will was probated in Houston County. It named Arminta Carter Arnold and the bank as co-executors and co-trustees of the trusts created by the will. Leonard Arnold is the father of the testator and he and the testator were partners in a family business known as the Arnold Cotton Company.

Substantial state and federal tax liabilities exist. To avoid an immediate sale of the assets to satisfy the tax liabilities, the bank loaned money to the estate. The bank's petition states:

"In order for Plaintiff to perform its fiduciary duties to the beneficiaries of the trusts established under the Will of Douglass H. Arnold, Plaintiff must have instructions from this Court with respect to the legal powers and duties conferred upon it by the Will of Douglass H. Arnold, and must know with certainty the extent of the interest of the Estate of Douglass H. Arnold in the ARNOLD COTTON COMPANY, and value of the assets and liabilities presently belonging to the ARNOLD COTTON COMPANY. Plaintiff therefore requests that this Court, pursuant to Section 24(A) of the Texas Trust Act and Section 4 of the Texas Uniform Declaratory Judgment Act, determine, decree and declare:

"(1) that Plaintiff as the representative of the Estate of Douglass H. Arnold may dissolve the ARNOLD COTTON COMPANY, and compel the sale of the assets of the ARNOLD COTTON COMPANY for cash and the distribution of net proceeds to LEONARD H. ARNOLD and the Estate of Douglass H. Arnold; and,

"(2) that Plaintiff would not violate its fiduciary duty to the beneficiaries of the trusts established under the Will of Douglass H. Arnold in the event Plaintiff elects to dissolve the ARNOLD COTTON COMPANY immediately, and to compel the sale of its assets for cash and the distribution of net proceeds to LEONARD H. ARNOLD and the Estate of Douglass H. Arnold; and,

"(3) that the indebtedness represented by the Note and Deed of Trust is a valid debt of the Estate; and,

"(4) the specific assets and liabilities of the ARNOLD COTTON COMPANY as the date of such decree; and,

"(5) the percentage of the net proceeds to which the Estate of Douglass H. Arnold would be entitled in the event the ARNOLD COTTON COMPANY is dissolved, its assets sold, and the net proceeds distributed to the partners."

A plea of privilege was filed by appellants, Leonard H. Arnold, individually and as administrator of the estate of Della Arnold, deceased; Arnold Cotton Company, a partnership comprised of Leonard H. Arnold and the estate of Douglass H. Arnold, deceased; and Arminta Carter Arnold, individually and in her capacity as co-trustee and co-executrix under the will of Douglass H. Arnold, deceased.

The trial court sustained venue in Travis County and filed findings of fact and conclusions of law to the effect that the suit was properly maintainable in Travis County. In summary form, the court found that the will had been probated and that the bank was one of two co-trustees created by the will; the principal office of each of the two trusts created under the will is maintained in Austin, Travis County, Texas; that Lynda Arnold Habbinga is a beneficiary of one of the trusts and a resident of Travis County, Texas. The court concluded the suit was brought pursuant to Article 7425b–24(A) * and venue is controlled by that article and Article 7425b–24(B) making venue proper in Travis County. The court also sustained venue under Article 1995(4) because this action may affect the potential interest of a defendant, Lynda Arnold Habbinga, a Travis County resident, in the trust created; and the other defendants are proper parties to this action. Section 24 of the Texas Trust Act provides in pertinent part as follows:

"A. The district court shall have original jurisdiction to construe the provisions of any trust instrument; to determine the law applicable thereto; *the powers, responsibilities, duties, and liability of trustee; the existence or non-existence of facts affecting the administration of the trust estate*; to require accounting by trustee; and to surcharge trustee.

"B. In cases where there be a single trustee, the venue of such actions shall be in the county of the residence of such trustee; or if a corporation, in the county of its principal place of business. *Where there are two or more trustees, then the venue shall be in the county where the principal office of the trust is maintained.*" (Emphasis ours.)

In order for the bank to maintain venue in Travis County under the above section, the bank must show the following three elements:

(A) that the Bank is a co-trustee of the trusts involved;

(B) that the Bank has brought this suit within the province of Section 24 of the Trust Act; and

(C) that the principal office of the trusts is located in Travis County, Texas.

■ By four points of error appellants contend there is no evidence or insufficient evidence to support the findings that the bank's action was brought pursuant to the above article of the Texas Trust Act.

Appellants argue that the nature of the bank's suit is the litigation of matters incident to the administration of Douglass Arnold's estate, rather than matters relating to the trusts created by the will. They claim that the assets of the estate must be determined and distributed before any questions arise concerning the trusts scheduled to come into existence after the estate administration is completed. Thus, the issue raised is whether the nature of the bank's suit concerns the estate or the trusts. Therefore, the nature of the suit is a venue fact.

A succinct statement of the law on this question is contained in 1 McDonald, Texas Civil Practice § 4.55—(IV)(a) at 611—(Rev. 1965), as follows:

"(a) *Venue facts determined by reference to the petition.* When the nature of the suit is a venue fact, the petition is the best the sufficient evidence of the 'principal right asserted and the relief sought for the breach thereof.' It need not be introduced formally into evidence, for the court will take judicial notice of its contents. The nature of the suit is determined by considering the petition as a whole, and depends upon the principal right asserted and the relief sought

---

* All references to Articles are to Tex.Rev.Civ.Stat.Ann.

thereon, though the action also may involve subordinate claims. The court examines 'the allegations of the petition . . . to determine the cause of action made out irrespective of the form' adopted by the plaintiff in framing his allegations. The prayer is not determinative, for the cause of action depends upon the facts stated in the petition. Where the plaintiff's petition asserts alternative causes of action, he is not required at the venue hearing to elect the one or more on which he may rely when the action is tried upon its merits. If the defendant alleges and proves that the petition has been framed fraudulently so as to purport to bring an action of the nature involved, when no such action lies, the court will go behind the allegations as to the nature of the action."

In its petition the bank alleges it holds an interest in the Arnold Cotton Company in trust, that it has fiduciary duties to the income beneficiaries of the trust, that it needs adjudication of its rights to know the extent of its interest and its power to dispose thereof. The bank prays for this relief plus a declaration that it can exercise its rights without breaching any of its duties. A review of appellants' plea of privilege and the testimony at the hearing of the plea fails to reveal any allegation or proof of fraud or bad faith on the part of the bank in its allegations. Therefore, we find there is sufficient evidence in the record to support the findings of the trial court that the action was brought pursuant to and venue is controlled under the Texas Trust Act.

■ Appellants' next points of error complain that the trial court erred in overruling the plea because there was no evidence or insufficient evidence to support the finding that the principal office of the trusts was in Austin, Travis County, Texas. We have reviewed the record and find there is sufficient evidence to support the finding. Therefore, we overrule points of error 5–7.

■ Appellants' last point of error is that the trial court erred in overruling their plea because it erroneously sustained venue under Article 1995(4). Subd. 4 provides that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. Appellants argue that the bank has not pled or proved a bona fide cause of action against Lynda Arnold Habbinga, a named defendant and resident of Travis County, and an income beneficiary under the trusts. Appellants claim that while Mrs. Habbinga may be a proper party, there is no dispute between her and the bank and therefore, the bank has not proved any cause of action against her.

In order to sustain venue under Article 1995(4) plaintiff must prove the following three elements;

(A) that the resident defendant in fact resides in the county of suit;

(B) that plaintiff has a cause of action against the resident defendant; and,

(C) that the party asserting its privilege is at least a proper party to the suit against the resident defendant.

The record reflects that the evidence relating to elements (A) and (C) above is undisputed. Mrs. Habbinga is a Travis County resident and an income beneficiary under the trusts.

Appellants dispute element (B) on the ground that there is no adverse interest between the bank and Mrs. Habbinga. We do not agree. It is undisputed that the bank owes Mrs. Habbinga fiduciary duties.

It is our opinion that the bank has a cause of action against Habbinga under the Texas Trust Act because the bank's powers, responsibilities and duties, and liabilities to the income beneficiaries are in question.

The evidence reflects that the principal asset of the trusts is the Arnold Cotton Company. This was a partnership owned and operated by the testator and his family. The father is claiming that most of the assets of this company are owned by him individually and are not and will not become a part of the trusts. Leonard Arnold, the father of the deceased, placed the bank in a precipitous position by refusing to partition the assets of the cotton company. If

the partnership is not liquidated, then existing tax liens may be foreclosed and the trust assets lost. In addition thereto, the bank may be required to foreclose its lien on the assets to satisfy the debt of the estate to the bank for partial payment of taxes. On the other hand, if the Arnold Cotton Company is liquidated, then the family business would be destroyed, and one of its assets is good will and the fact that it is a going business. Another factor is that the prospective purchasers might pay only small sums to buy undivided interests in the family partnership.

Whatever action the bank takes will directly affect Mrs. Habbinga as an income beneficiary. A declaration of the bank's powers, responsibilities and duties, and liability to Mrs. Habbinga as an income beneficiary alleged a bona fide cause of action against her, which cause of action was sustained by a preponderance of the evidence at the hearing.

Because Mrs. Habbinga would have a cause of action against the bank for breach of its fiduciary duties owed to her, a judicial declaration that the bank's action does not breach any of its duties is directly adverse to her interest.

For the reasons stated above, the bank has pleaded and proved a cause of action against Mrs. Habbinga. The trial court properly overruled appellants' plea of privilege and sustained venue in Travis County under Article 1995(4). This point of error is overruled.

We have discussed all points of error urged by appellants and each has been severally considered and each is overruled.

The order of the trial court is affirmed.