MOBIL OIL CORPORATION; Mobil Producing Texas & New Mexico, Inc.; Mobil Cortez Pipeline, Inc.; Cortez Pipeline Company; Shell Cortez Pipeline Company; Shell $CO_2$ Company, Ltd.; Shell Oil Company; Shell Western E & P, Inc.; and SWEPI LP, Appellants,

v.

Gary H. SHORES, John W. Barfield, and Frank Gibson, In Their Representative Capacities As Co–Trustees of the Alicia L. Bowdle Trust; William G. Kemp and Marie J. Bench, In Their Representative Capacities As Co–Trustees of the Bernard M. Bench Family Trust; Bonnie Lynn Whiteis, Individually; William C. Armor, Jr., Individually; and the Class of All Overriding Royalty Interest Owners from August 24, 1982 to Date Under Leases to Defendants in Any Oil, Gas, or Mineral Property that Became Unitized by Virtue of the McElmo Dome Unit Agreement, Appellees.

No. 2–00–430–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 29, 2004.

Griffin, Whitten, Jones & Reib, Mobil Corporation, and Jack Balagia, Jr. and Taylor Snelling, Houston, McGinnis, Lochridge & Kilgore, L.L.P., Brian S. Engel, Marc O. Knisely, Richard Kelley, Akin Gump Strauss Hauer & Feld, L.L.P., Shannon H. Ratliff, Austin, for Appellant Mobil.

Hayes, Coffey & Berry, P.C., Richard D. Hayes, Denton, Morrison & Heckler L.L.P., Matthew J. Salzman and Kent Sullivan, Kansas City, MO, for Appellant Cortez.

Wood, Thacker & Weatherly, P.C., R. William Wood and Grace Weatherly, Denton, Vinson & Elkins, L.L.P., Andrew McCollam III, Phillip B. Dye, Jr., Gwen J. Samora, Catherine B. Smith, Sinead O'Carroll, Jennifer H. Davidow, Houston, for Appellant Shell.

Rader & Campbell, P.C., Donovan Campbell Jr. and Robert E. Rader, Jr., Hartnett Law Firm, James J. Hartnett, Jr. and Will F. Hartnett, McKool Smith, Charles Cunningham, Gary Cruciani, Robert M. Maley, Robert B. Perry, Dallas, for Appellees.

PANEL A: CAYCE, C.J.; WALKER, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

## OPINION ON REHEARING

JOHN CAYCE, Chief Justice.

### INTRODUCTION

This case involves interlocutory appeals from the statutory probate court's order denying appellants' pleas to the jurisdiction and motions to transfer venue. On our own motion, we withdraw our opinion of April 5, 2001 and substitute the following.[1] The motion for rehearing filed by

---

1. We also withdraw our judgment of April 5, 2001 in this appeal. Two appellants filed separate petitions for writ of mandamus, which we consolidated with this appeal and denied on April 5, 2001. *In re Mobil Oil Corp.*, No. 02–01–00072–CV (Tex.App.-Fort Worth Apr. 5, 2001, orig. proceeding); *In re Shell Cortez Pipeline Co.*, No. 02–01–00075–CV (Tex.App.-Fort Worth Apr. 5, 2001, orig. proceeding). Neither relator moved to reconsider our judgments in the original proceedings; therefore, we no long-

Shell Cortez Pipeline Company, Shell $CO_2$ Company, Ltd., Shell Oil Company, Shell Western E & P Inc., and SWEPI LP (the "Shell appellants") and the motion for rehearing and for en banc rehearing filed by appellees are denied as moot. We will dismiss the appeals in part for want of jurisdiction and vacate the probate court's order in part for want of subject matter jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying litigation is a suit to recover under-paid carbon dioxide royalties. The appellees are: Gary Shores, John Barfield, and Frank Gibson, in their representative capacities as co-trustees of the Alicia L. Bowdle Trust (collectively the "Bowdle Trust"); William G. Kemp and Marie J. Bench, in their representative capacities as co-trustees of the Bernard M. Bench Family Trust (collectively the "Bench Family Trust"); Bonnie Lynn Whiteis; and William C. Armor, Jr. (hereinafter also referred to collectively as "appellees"). Appellees brought suit in the probate court of Denton County, Texas against appellants Mobil Oil Corporation, Mobil Producing Texas & New Mexico, Inc., and Mobil Cortez Pipeline, Inc. (the "Mobil appellants"), the Shell appellants, and Cortez Pipeline Company (hereinafter also referred to collectively as "appel-

lants").[2] Appellees are overriding royalty interest owners of a unitized carbon dioxide pool, the McElmo Dome Unit, in Colorado and claim that since 1982 appellants have under-paid royalties for carbon dioxide produced from that pool.

The Bowdle Trust is a Texas inter vivos trust with its principal place of business and situs of administration in Denton County, Texas. The Bench Family Trust is a Colorado inter vivos and charitable trust with its principal office located in Denver County, Colorado. Whiteis is a Texas citizen who resides in Wichita County, Texas. Armor is a citizen of Florida who resides in Martin County, Florida. Denton County is not the location of any appellant's principal Texas office.

Appellants filed pleas to the probate court's jurisdiction and motions to transfer venue to Harris County asserting, among other complaints, that the Bench Family Trust, Whiteis, and Armor were improperly joined in the lawsuit under former section 15.003 of the Texas Civil Practice and Remedies Code.

After a hearing, the probate court signed a November 30, 2000 order denying appellants' pleas to the jurisdiction and their motions to transfer venue. The court did not specify the basis for its ruling. Appellants then perfected their interlocutory appeals to this court.[3]

---

er have jurisdiction to reconsider our judgments denying relators' petitions for writ of mandamus.

2. Appellees also include "the class of all overriding royalty interest owners from August 24, 1982 to date under leases to defendants in any oil, gas, or mineral property that became unitized by virtue of the McElmo Dome Unit Agreement." We have, however, vacated the trial court's class certification order and dismissed the class certification case. *Shell Cortez Pipeline Co. v. Shores*, 127 S.W.3d 286 (Tex.App.-Fort Worth 2004, no pet.). Therefore, this appeal is moot as to the class mem-

ber appellees. In addition, Richard Timothy Bradley and Deborah Sue Hartsfield were named as defendants in the underlying suit, but they did not file notices of appeal. Consequently, they are not parties to this appeal. *See* Tex.R.App. P. 25.1(c).

3. *See* Act of May 8, 1995, 74th Leg., R.S., ch. 138, § 1, 1995 Tex. Gen. Laws 978, 979, *amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 3.03, 2003 Tex. Gen. Laws 847, 853–54 (current version at Tex. Civ. Prac. & Rem.Code Ann. § 15.003(c) (Vernon Supp. 2004)).

## ISSUES ON APPEAL

Appellants assert the probate court erred by denying their motions to transfer venue of the claims of the Bench Family Trust, Whiteis, and Armor because they did not independently establish proper venue in Denton County and their joinder in the Bowdle Trust suit was improper. The Mobil appellants also contend that the order denying the motions to transfer venue is void because the probate court has no subject matter jurisdiction over the claims of the Bench Family Trust, Whiteis, and Armor. In a cross-point, appellees contend that the interlocutory appeals should be dismissed for mootness and lack of jurisdiction, or, alternatively, abated and the case remanded to the probate court for clarification.

## APPELLATE COURT JURISDICTION

Before reaching appellants' complaints, we must first address appellees' contention that this court lacks appellate jurisdiction over appellants' interlocutory appeals.

■ Generally, a party may appeal only a final order or judgment.[4] An interlocutory appeal from a nonfinal order or judgment is permitted only when authorized by statute.[5] Because interlocutory appeal from an order denying a plea to the jurisdiction is available by statute only to governmental agencies,[6] we agree with appellees' contention that we have no jurisdiction to review the probate court's denial

of appellants' pleas to the jurisdiction under section 51.014(a)(8).

■ Interlocutory appeal is, however, available under former section 15.003(c) of the civil practice and remedies code from a ruling allowing or disallowing joinder of a plaintiff who is unable to independently establish venue.[7] To be appealable under former section 15.003(c), the venue ruling must "necessarily determine" an intervention or joinder issue under this section.[8] If the trial court's order necessarily determines an intervention or joinder issue, we conduct an independent de novo review of the record to ascertain the correctness of that ruling.[9] If, however, a joined plaintiff has properly asserted a legally cognizable theory supporting venue in the county of suit independently of any other plaintiff, review of the trial court's denial of a motion to transfer venue concerning that plaintiff must wait until direct appeal following a final judgment.[10]

■ Based on the record before us, we conclude that neither the Bench Family Trust, Whiteis, nor Armor pleaded any venue facts that would independently establish proper venue in Denton County under a legally cognizable venue theory. Consequently, they are "person[s] who [are] unable to establish proper venue" under former section 15.003(a) and cannot intervene or be joined in this suit unless they each independently satisfy the four

4. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992).

5. *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985) (orig.proceeding).

6. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.2004); *see Shell Cortez Pipeline Co.*, 127 S.W.3d 286.

7. *See* former Tex. Civ. Prac. & Rem.Code Ann. § 15.003(c); *Am. Home Prods. Corp. v. Clark*, 38 S.W.3d 92, 96 (Tex.2000).

8. *Clark*, 38 S.W.3d at 96; *Surgitek, Bristol–Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex.1999).

9. Former Tex. Civ. Prac. & Rem.Code Ann. § 15.003(c)(1); *Bristol–Myers Squibb Co. v. Goldston*, 983 S.W.2d 369, 375 (Tex.App.-Fort Worth 1998, pet. dism'd by agr.).

10. Tex. Civ. Prac. & Rem.Code Ann. § 15.064(a) (Vernon 2002); *Clark*, 38 S.W.3d at 96.

joinder factors contained in former section 15.003(a).[11] Furthermore, because the probate court denied appellants' motions to transfer venue as to these parties, the probate court "necessarily determined" that these parties did each independently satisfy the intervention or joinder requirements of former section 15.003(a). As a result, we have jurisdiction under former section 15.003(c) over appellants' interlocutory appeals of the probate court's determination of the intervention or joinder issues relating to the Bench Family Trust, Whiteis, and Armor.

The Mobil appellants contend that the order determining the intervention or joinder issues relating to the Bench Family Trust, Whiteis, and Armor should be vacated and dismissed because the probate court lacks subject matter jurisdiction over the joined parties' claims. Appellees contend that we have no authority to review the probate court's subject matter jurisdiction in an interlocutory appeal brought under former section 15.003(c).[12] We disagree.

In *Shell Cortez Pipeline Co.,* an interlocutory appeal from the probate court's order certifying a class action in the same case, we recently observed:

The Texas Supreme Court and numerous courts of appeals have ... repeatedly recognized that when an appellate court is granted jurisdiction to review an interlocutory order or judgment, that jurisdiction encompasses a review of the validity of the interlocutory order or judgment.... In other words, the trial court's authority or jurisdiction to enter the appealable interlocutory order or judgment is subject to appellate review along with the merits of the ruling because "[s]imply put, if the court has no authority to act, it can hardly be said that the court's action is valid."

Moreover, a trial court's subject matter jurisdiction is never presumed and cannot be waived. Our jurisdiction over the merits of an appeal extends no further than that of the court from which the appeal is taken. Thus, if the trial court lacked jurisdiction, we only have jurisdiction to set the trial court's judgment aside and dismiss the cause.[13]

Based on the binding precedent of our decision in *Shell Cortez Pipeline Co.* and the longstanding Supreme Court of Texas decisions on which we relied in that case, we clearly have the jurisdiction and au-

---

11. Act of May 4, 1995, 74th Leg., R.S., ch. 138, § 1, 1995 Tex. Gen. Laws 978, 979, *amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 3.03, 2003 Tex. Gen. Laws 847, 853 (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(a) (Vernon Supp. 2004)).

12. According to appellees, *Clark* limits our review to joinder issues raised under former section 15.003. In *Clark,* the supreme court held that when the trial court's order does not necessarily determine an intervention or joinder issue under former section 15.003(a), but instead determines the propriety of venue under section 15.002, interlocutory appeal is unavailable and "[n]either the court of appeals nor [the Supreme Court of Texas] can review the propriety of the trial court's venue

decision." 38 S.W.3d at 96. The court in *Clark* did not address the question presented here: whether we can review the trial court's subject matter jurisdiction to determine an intervention or joinder issue in an interlocutory appeal brought under former section 15.003(c).

13. *Shell Cortez Pipeline Co.,* 127 S.W.3d at 291–92 (citations omitted); *see State v. Cook United, Inc.,* 464 S.W.2d 105, 106 (Tex.1971); *Tex. State Bd. of Examiners in Optometry v. Carp,* 162 Tex. 1, 343 S.W.2d 242, 243 (1961); *Letson v. Barnes,* 979 S.W.2d 414, 417 (Tex. App.-Amarillo 1998, pet. denied). *But see Faddoul, Glasheen & Valles, P.C. v. Oaxaca,* 52 S.W.3d 209, 211 (Tex.App.-El Paso 2001, no pet.).

thority to review the probate court's subject matter jurisdiction to render the appealable order here. "To hold otherwise would nonsensically preclude our review of a fundamental tenet—subject matter jurisdiction—underlying an order the legislature has statutorily authorized us to review." [14]

## THE STATUTORY PROBATE COURT'S SUBJECT MATTER JURISDICTION

A statutory probate court may exercise only that jurisdiction accorded it by statute.[15] Appellees contend that the probate court below has subject matter jurisdiction by virtue of former probate code sections 5(d), 5A(b), and 5A(c)(2)-(3). Former section 5(d) states in pertinent part that "[a] statutory probate court has concurrent jurisdiction with the district court ... in all actions involving an inter vivos trust [and] in all actions involving a charitable trust." [16] Former section 5A(b) defines the phrases "appertaining to estates" and "incident to an estate":

In proceedings in the statutory probate courts and district courts, the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, the issuance of letters testamentary and of administration, and the determination of heirship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of title to land and for the enforcement of liens thereon, all actions for trial of the right of property, all actions to construe wills, the interpretation and administration of testamentary trusts and the applying of constructive trusts, and generally all matters relating to the settlement, partition, and distribution of estates of deceased persons.[17]

Former section 5A(c) provides that "[a] statutory probate court has concurrent jurisdiction with the district court in all actions ... (2) involving an inter vivos trust [and] (3) involving a charitable trust." [18]

■ The Bench Family Trust's, Whiteis's, and Armor's claims do not fall within any of the specific examples listed in former section 5A(b). Nor is the "controlling

14. *Shell Cortez Pipeline Co.*, 127 S.W.3d at 292.

15. *Goodman v. Summit at West Rim, Ltd.*, 952 S.W.2d 930, 933–34 (Tex.App.-Austin 1997, no writ); *City of Beaumont v. West*, 484 S.W.2d 789, 791 (Tex.Civ.App.-Beaumont 1972, writ ref'd n.r.e.).

16. *See* Act of May 1, 2001, 77th Leg., R.S., ch. 63, § 1, 2001 Tex. Gen. Laws 104, 105, setting forth and amending 1999 version of section 5 and renumbering former section 5(d) (current version at TEX. PROB.CODE ANN. § 5(e) (Vernon Supp.2004)). Although some provisions of probate code section 5 were amended in 2001 and 2003, and some provisions of probate code section 5A were repealed and others were amended in 2003, the enabling legislation for all these amendments provides that the changes in the code apply only to a probate proceeding or other action commenced on or after the effective date of the

amendments. *See* Act of May 14, 2001, 77th Leg., R.S., ch. 63, § 3, 2001 Tex. Gen. Laws 104, 106 (amending probate code section 5); Act of June 20, 2003, 78th Leg., R.S., ch. 1060, § 17, 2003 Tex. Gen. Laws 3052, 3057 (amending probate code sections 5 and 5A). Thus, we apply the 1999 version of the probate code, which was in effect when the underlying suit was filed, and all references hereinafter to the probate code are to the 1999 version unless otherwise indicated.

17. Act of April 26, 1999, 76th Leg., R.S., ch. 64, § 1, 1999 Tex. Gen. Laws 422, 422, setting forth and amending TEX. PROB.CODE ANN. § 5A(b) (current version at TEX. PROB.CODE ANN. § 5A (Vernon Supp.2004)).

18. Act of May 19, 1989, 71st Leg., R.S., ch. 1035, § 3, 1989 Tex. Gen. Laws 4162, 4164, *repealed by* Act of May 28, 2003, 78th Leg., R.S., ch. 1060, § 16, 2003 Tex. Gen. Laws 3052, 3057.

issue" in this suit "the settlement, partition, and distribution of estates of deceased persons." [19]   Therefore, we must determine whether the claims of the Bench Family Trust, Whiteis, and Armor are actions involving an inter vivos or charitable trust under former probate code sections 5(d) and 5A(c)(2) and (3).

A statutory probate court's jurisdiction over actions involving trusts is concurrent with that of a district court.[20]   Thus, the district court's jurisdiction over actions involving trusts determines the extent of a statutory probate court's jurisdiction over such actions.

The trust actions over which a district court has jurisdiction are enumerated in section 115.001(a) of the Texas Trust Code, as follows:

(1) construe a trust instrument;

(2) determine the law applicable to a trust instrument;

(3) appoint or remove a trustee;

(4) determine the powers, responsibilities, duties, and liability of a trustee;

(5) ascertain beneficiaries;

(6) make determinations of fact affecting the administration, distribution, or duration of a trust;

(7) determine a question arising in the administration or distribution of a trust;

(8) relieve a trustee from any or all of the duties, limitations, and restrictions otherwise existing under the terms of the trust instrument or of this subtitle;

(9) require an accounting by a trustee, review trustee fees, and settle interim or final accounts; and

(10) surcharge a trustee.[21]

Texas courts considering section 115.001(a) and its predecessor, Texas Trust Act article 7425b–24(A),[22] have consistently held that those statutes provide the exclusive list of actions "concerning trusts" over which a district court has jurisdiction.[23]

No cause of action alleged by appellees in this case is specifically enumerated in section 115.001(a).   Nevertheless, appellees argue that this is a proceeding "concerning trusts" under Texas Trust Code section 115.001(a)(6) and (a)(7), because

---

**19.** Former Tex. Prob.Code Ann. § 5A(b); *see In re SWEPI, L.P.*, 85 S.W.3d 800, 805 (Tex. 2002) (orig.proceeding).

**20.** Former Tex. Prob.Code Ann. §§ 5(d), 5A(c)(2)-(3).

**21.** Tex. Prop.Code. Ann. § 115.001(a) (Vernon Supp.2004).   The Texas Trust Code is part of the Texas Property Code. *Id.* §§ 111.001–117.012 (Vernon 1995 & Supp.2004).

**22.** The Texas Legislature adopted the Texas Trust Code in 1983 as part of its nonsubstantive revisions codifying statutes relating to property.   Act of May 26, 1983, 68th Leg., R.S., ch. 576, 1983 Tex. Gen. Laws 3475. The trust code codified the former Texas Trust Act enacted originally in 1943.   Act of April 15, 1943, 48th Leg., R.S., ch. 148, 1943 Tex. Gen. Laws 232.   In adopting the trust code, the legislature provided that the trust code and the Texas Trust Act should be considered as one continuous statute.   Accordingly, inter-

pretations of the Texas Trust Act apply also to the trust code.

**23.** *See, e.g., McCormick v. Hines*, 498 S.W.2d 58, 62 (Tex.Civ.App.-Amarillo 1973, writ dism'd) (construing article 7425b–24(A) and holding that an action for breach and specific performance of a contract is not a matter concerning trusts); *Mayflower Trust Co. v. Nowell*, 413 S.W.2d 783, 786 (Tex.Civ.App.-Houston 1967, writ dism'd) (holding that article 7425b–24 does not cover a suit by trust beneficiaries against the trustee alleging conversion of trust assets, fraud, and other torts); *Smith v. Plainview Hosp. & Clinic Found.*, 393 S.W.2d 424, 427 (Tex.Civ.App.-Amarillo 1965, writ dism'd) (holding that article 7425b–24 exclusively enumerates a district court's jurisdiction concerning trusts); *O.P. Leonard Trust v. Hare*, 305 S.W.2d 833, 836 (Tex.Civ.App.-Texarkana 1957, writ dism'd) (same).

the trustees have the power under the Texas Trust Code to enter into mineral leases and to contest claims of or against a trust.[24] In essence, appellees contend that because the trustees have these powers, every suit to which they are a party raises questions "affecting the administration, distribution, or duration of a trust" and questions "arising in the administration or distribution of a trust."[25] We believe this argument proves too much.

Under appellees' theory, every lawsuit to which a trustee is a party would come within section 115.001 no matter what the subject matter. The mere fact that a plaintiff happens to be a trustee, however, does not transform a case into one "concerning trusts."[26]

■ Moreover, construing section 115.001(a)(6)-(7) as appellees suggest would vitiate the remaining carefully drafted provisions in section 115.001(a). It is an axiom of Texas law that the court may not construe a statute in any manner that fails to give effect to all the provisions the legislature enacted or that reduces any provision to mere surplusage.[27] We are unwilling to ignore or undo the legislature's care in limiting matters concerning trusts for jurisdictional purposes by embracing the all-encompassing construction appellees urge here.[28]

For the reasons stated above, we hold that the Bench Family Trust's, Whiteis's, and Armor's claims for damages relating to the royalty payments at issue in this case are not within the statutory probate court's limited statutory jurisdiction. Therefore, the probate court's order denying appellants' motions to transfer venue as to these appellees is void.

## CONCLUSION

Having determined that the statutory probate court has no subject matter jurisdiction over the Bench Family Trust's, Whiteis's, and Armor's claims, we vacate the probate court's order denying appellees' motions to transfer venue of those

---

24. TEX. PROP.CODE ANN. §§ 113.012, 113.019 (Vernon 1995).

25. *Id.* § 115.001(a)(6), (7).

26. *Compare Arnold v. Austin Nat'l Bank,* 580 S.W.2d 138, 140–41 (Tex.Civ.App.-Fort Worth 1979, no writ) (holding that a co-trustee's suit for a declaration whether it had the power under a trust agreement to liquidate a trust asset in which it also held lien interests is encompassed by article 7425b) *and Cogdell v. Fort Worth Nat'l Bank,* 537 S.W.2d 304, 306–07 (Tex.Civ.App.-Fort Worth 1976, writ dism'd) (holding that a trustee's suit seeking to determine whether the trustee had the power to continue in that capacity is encompassed by article 7425b) *with Mayflower Trust Co.,* 413 S.W.2d at 786 (holding that article 7425b–24 does not cover a suit by trust beneficiaries alleging the trustee committed torts) *and Smith,* 393 S.W.2d at 427 (holding that a hospital's suit against trustees to recover fees for services to trust beneficiary from trust funds is not a matter concerning trusts).

27. *Jones v. Fowler,* 969 S.W.2d 429, 432 (Tex. 1998) (holding that a court must construe the whole statute giving effect and purpose to every part).

28. The legislature's 1987 enactment of section 5A(b) of the probate code reinforces the conclusion that the legislature did not extend the trial court's jurisdiction to the appellees' suit against third parties for money damages. By this enactment, the legislature granted statutory probate courts jurisdiction in "actions by or against a personal representative," but in the next clause conferred only concurrent jurisdiction with the district courts in actions "involving ... inter vivos trust[s]"—that is, the proceedings enumerated in trust code section 115.001(a). Act of May 26, 1987, 70th Leg., R.S., ch. 459, § 1, 1987 Tex. Gen. Laws 2043, 2044. The legislature did not confer jurisdiction in actions "by or against trustees."

claims and dismiss those causes.[29] We dismiss for want of jurisdiction the appeals from the probate court's order denying appellants' pleas to the jurisdiction.

WALKER, J. filed a dissenting opinion.

SUE WALKER, Justice, dissenting.

I respectfully dissent. This court does not possess jurisdiction to review the trial court's subject matter jurisdiction in a joinder appeal brought under former civil practice and remedies code section 15.003. *See* Act of May 18, 1995, 74th Leg., R.S., ch. 138, § 1, 1995 Tex. Gen. Laws 978, 979, *amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 3.03, 2003 Tex. Gen. Laws 847, 853 (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 15.003 (Vernon Supp.2004)).[1] The legislature has narrowly defined our appellate jurisdiction in joinder appeals. *Id.* In a joinder appeal, we "shall ... determine whether the joinder or intervention is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard." *Id.* The Texas Supreme Court has explained that this statute allows an interlocutory appeal *for one specific purpose:* to contest the trial court's decision allowing or denying intervention or joinder. *Am. Home Prods. Corp. v. Clark,* 38 S.W.3d 92, 96 (Tex. 2000). In fact, the Texas Supreme Court has held: "The language the Legislature used clearly indicates its intent *to limit interlocutory appellate review of a trial court's decision to whether certain plaintiffs may intervene or join in the suit.*"

*Id.* (emphasis added); *see also* TEX.R. CIV. P. 87(6) (providing that "[t]here shall be no interlocutory appeals from such [a venue] determination").

An appellate court has jurisdiction to hear appeals from interlocutory orders and judgments only when specifically authorized by statute. *Qwest Communications Corp. v. AT & T Corp.,* 24 S.W.3d 334, 336 (Tex.2000); *Fort Worth Star–Telegram v. Street,* 61 S.W.3d 704, 707–08 (Tex.App.-Fort Worth 2001, pet. denied). A statute such as civil practice and remedies code section 15.003(c)(1) authorizing interlocutory appeals is strictly construed because it is an exception to the general rule that only a final judgment is appealable. *Tex. Dep't of Transp. v. City of Sunset Valley,* 8 S.W.3d 727, 730 (Tex.App.-Austin 1999, no pet.). Strictly construing section 15.003(c)(1), the provision authorizing the interlocutory joinder appeal here, the provision grants us jurisdiction to decide a single issue: "whether the joinder or intervention is proper based on an independent determination from the record." Former TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c)(1); *see Clark,* 38 S.W.3d at 96.

The majority, citing our opinion in the *Shell Cortez Pipeline Co. v. Shores* class certification appeal, holds that we possess jurisdiction in this interlocutory joinder appeal to review the trial court's subject matter jurisdiction over the claims asserted in plaintiffs' live pleadings. Maj. Op. at 722 (citing *Shell Cortez Pipeline Co. v. Shores,* 127 S.W.3d 286, 291 (Tex.App.-

---

**29.** Because of our disposition of the Bench Family Trust's, Whiteis's, and Armor's claims on subject matter jurisdiction grounds in this case, and in light of our disposition of the class action claims on the same grounds in *Shell Cortez Pipeline Co.,* 127 S.W.3d 286 we need not reach appellants' and appellees' other points or arguments.

**1.** The 2003 amendments are not applicable to this case; they apply only to actions filed on or after September 1, 2003. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(d), 2003 Tex. Gen. Laws 847, 899. Consequently, all citations herein to section 15.003 of the civil practice and remedies code are to the 1995 version of that section in effect until the 2003 amendments.

Fort Worth 2004, no pet. h.)). But the subject matter jurisdiction analysis we applied there is not applicable to this joinder appeal. The *Shell Cortez Pipeline* interlocutory class certification appeal was filed pursuant to civil practice and remedies code section 51.014(a)(3). TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(3) (Vernon Supp.2004). The legislature in section 51.014 granted us general appellate jurisdiction over any appeal "from an interlocutory order" set forth in section 51.014. *Id.* § 51.014(a), (f). We held in the *Shell Cortez Pipeline* class certification appeal that civil practice and remedies code section 54.014's general statutory grant of appellate jurisdiction implicitly conferred upon us the power to review the trial court's subject matter jurisdiction to enter the class certification order being appealed. *See Shell Cortez Pipeline Co.,* 127 S.W.3d at 290 (citing numerous cases); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a), (f). Specifically, we held that "when an appellate court is granted jurisdiction to review an *interlocutory order* or *judgment,* that jurisdiction encompasses a review of the validity of the ... trial court's authority or jurisdiction to enter the appealable interlocutory order." *Shell Cortez Pipeline Co.,* 127 S.W.3d at 290.

Unlike the general statutory appellate jurisdiction granted to us by section 51.014, however, the legislature chose to, and expressly did, limit our appellate jurisdiction in joinder appeals to the determination of the *issue* of whether the joinder or intervention is proper based on an independent determination from the record. TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c)(1); *Clark,* 38 S.W.3d at 96. In section 15.003(c)(1), unlike in section 51.014, the legislature did not grant us

general appellate jurisdiction to review an *interlocutory order* or *judgment. See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 15.003(c)(1), 51.014(a)(8). Only the *issue* of joinder is appealable. *See id.* § 15.003(c)(1); *Clark,* 38 S.W.3d at 96. The majority's interlocutory review of the trial court's subject matter jurisdiction over the claims pleaded in plaintiffs' live pleadings is not supported by our holding in *Shell Cortez Pipeline* and, moreover, is beyond the issue we are statutorily authorized to review under section 15.003(c)(1).

Also, in my view, the majority's review of Appellants' subject matter jurisdiction complaints is tantamount to a review of the trial court's denial of Appellants' pleas to the jurisdiction. The trial court held a hearing on Appellants' pleas to the jurisdiction and denied them. Appellants make the very same subject matter jurisdiction arguments in this joinder appeal that they made in their pleas to the jurisdiction.[2] We are not authorized to conduct an interlocutory review of a trial court's ruling on a plea to the jurisdiction not involving a governmental unit. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8). To hold as the majority does, that in every joinder appeal an appellant may also obtain appellate review of any challenge to the trial court's subject matter jurisdiction is contrary to the plain language of sections 15.003(c)(1) and 51.014(a)(8). *See id.* §§ 15.003(c)(1), 51.014(a)(8). I fear that the effect of the majority's ruling will be the exact quagmire it has presented in this case: a bogging down of accelerated interlocutory joinder appeals to consider the issue of subject matter jurisdiction in violation of the legislature's express wishes that the single issue of proper joinder be expeditiously decided within 120 days of

**2.** Although no party has requested on rehearing that we reconsider our original holding that we would not review subject matter juris-

diction in a joinder appeal, the majority nonetheless on its own motion disposes of this joinder appeal on this basis.

the perfection of an appeal. *See id.* § 15.003(c)(2).

For these reasons, I dissent.