**In re GUARDIANSHIP OF Marcello Quintanilla SOBERANES.**

**No. 04–02–00119–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 24, 2002.

C.M. Zaffirini, Zaffirini & Castillo, Laredo, Sonia M. Rodriguez, James L. Branton, Branton & Hall, P.C., San Antonio, for Appellant.

Julio A. Garcia, F. Javier Montemayor, Jr. (ADL), Laredo, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, and SANDEE BRYAN MARION, Justice.

## BACKGROUND

Opinion by SANDEE BRYAN MARION, Justice.

In this appeal, we are asked to determine whether it is proper to terminate a temporary guardianship on the grounds that the ward has left the jurisdiction of the trial court. We conclude that this is not a proper ground and reverse the trial court's judgment in part and remand on that basis. We also hold that the court erred in assessing the attorney ad litem's fees against appellant and we reverse that portion of the judgment.

## BACKGROUND

Marta Verges de Quintanilla ("appellant") and Marcello Quintanilla Soberanes ("Marcello") have been married since 1977, and together they have two adult children. Marcello has four children from a prior marriage, one of whom is Maria Cristina Quintanilla de Sanchez ("Sanchez"). Appellant is seventy-seven years old and Marcello is eighty-eight years old. All are citizens of Mexico; however, Sanchez maintains a residence in Laredo, Texas.

On June 4, 2001, after suffering a fall, Marcello went to a hospital in Houston, Texas for inpatient treatment of a hip fracture. While there, he suffered a cerebro-

vascular accident and was left with cognitive and motor deficits. After spending a month in Houston, Marcello was transferred to a hospital in Laredo, Texas for rehabilitation. Appellant stayed at a nearby apartment. On July 24, 2001, without notice to appellant, Marcello's physician permitted his discharge to Sanchez's residence. On that same day, Sanchez filed an Application for Appointment of Temporary Guardian of the Person, asking that she be appointed Marcello's temporary guardian. The Application did not mention that Marcello was married or that appellant was in Laredo.

On July 25, 2001, Sanchez was appointed temporary guardian of the person of Marcello until August 3, 2001, at which time the court would consider the necessity of a continued temporary guardianship. Sanchez was required to post a $2,000 bond. Javier Montemayor was appointed Marcello's attorney ad litem. On July 26th, appellant learned that Marcello had been discharged from the hospital. Appellant contends she was unable to find her husband and she returned to Mexico. On August 3rd, Sanchez and Montemayor filed a Joint Motion to Extend Temporary Appointment of Guardian of Person, on the grounds that the presiding judge would not be able to hear Sanchez's Application on August 3rd. The hearing was extended to August 8, 2001.

On August 8th, the court considered the Application and continued Sanchez's appointment as temporary guardian until September 12, 2001, on which date the court would consider the necessity of a permanent guardianship. On August 29, 2001, appellant and her children were served with process. On September 12th, appellant appeared at the scheduled hearing and filed a Motion in Limine, alleging: (1) Sanchez had claims adverse to Marcello, (2) Sanchez was an unsuitable guardian

and lacked standing, and (3) appellant was not disqualified to act as guardian if one was necessary. Also on September 12th, appellant filed a Contest of Appointment of Guardian.

A brief hearing was held, on September 12th, but the court stated it would maintain the status quo and continued the hearing until September 20th. The court ordered that appellant be allowed to visit with her husband. Following a confrontation later that day between the families, appellant filed a Motion For Immediate Removal of Violent, Abusive, Temporary Guardian, in which appellant alleged that she and her family had been kept waiting when they went to Sanchez's home to see Marcello, she was allowed a visit of only five minutes, and Sanchez's family was verbally and physically abusive. Appellant asked that Sanchez be removed as temporary guardian and that appellant be appointed temporary guardian. An ex parte emergency hearing on appellant's motion to remove was held on September 13th, following which the court again maintained the status quo until September 20th, and deferred ruling on the motion because all parties had not been served.

On September 20th, Montemayor moved for a continuance on the grounds that Marcello had suffered a relapse and was so disoriented that he would not be able to attend the hearing. The court granted the motion and rescheduled the hearing to October 4, 2001. The court again ordered that appellant have visitation with her husband, and ordered that Marcello remain in Laredo, Webb County.

On October 1st, Sanchez changed counsel. On October 2nd, Sanchez filed a Motion to Terminate Temporary Guardianship on the grounds that Marcello was now in Mexico. At the October 4th hearing, the court ruled from the bench that it was terminating the guardianship because all

parties had left the jurisdiction. The court signed a final judgment on January 8, 2002, terminating the guardianship on the grounds that the ward, Marcello, had left the State of Texas.

## REMOVAL OF SANCHEZ AS TEMPORARY GUARDIAN

■ In her first issue, appellant asserts the trial court abused its discretion in failing to remove Sanchez as Marcello's temporary guardian and she asks this court to order the trial court to appoint her as guardian. In her second issue, appellant asserts that because there was no showing she was not qualified, the trial court abused its discretion in failing to appoint her as Marcello's temporary guardian. Because the trial court did not rule on either appellant's motion in limine or her motion to remove Sanchez as temporary guardian, appellant is precluded from raising these complaints on appeal.

## TERMINATION OF TEMPORARY GUARDIANSHIP

In her third issue, appellant asserts the court erred in terminating the temporary guardianship. On appeal, Sanchez asserts the temporary guardianship expired on its own terms on September 12, 2001 because that is the date on which the trial court was to consider the necessity of a permanent guardianship. Therefore, according to Sanchez, appellant cannot complain on appeal that the court erred in terminating the guardianship because it had already expired.

A temporary guardianship may not remain in effect for more than sixty days, unless the application for temporary guardianship, for conversion of a temporary guardianship to a permanent guardianship, or for permanent guardianship is contested. TEX. PROB.CODE ANN. § 875(h), (k) (Vernon Supp.2002). If a contest is filed, the court may appoint a new temporary guardian if the court finds the appointment is necessary to protect the ward or the proposed ward's estate. *Id.* § 875(k). The term of the temporary guardian expires at the conclusion of the hearing on the contest to the application or on the date the court-appointed permanent guardian qualifies to serve as the ward's guardian. *Id.*

■ Sanchez filed her application on July 24, 2001, sixty days from which was September 24, 2001. Because appellant contested the appointment of Sanchez as temporary guardian, section 875(k) was triggered and Sanchez's appointment did not automatically expire by its own terms on September 24th. Sanchez's term as temporary guardian would have expired at the conclusion of the hearing on appellant's contest, which was ultimately set for October 4, 2001. Thus, we turn to the provisions of the Probate Code for guidance on when termination of a temporary guardianship is proper.

The Webb County court's jurisdiction to determine guardianship issues attached when Sanchez filed her application. *Bearden v. Texas Co.,* 41 S.W.2d 447, 459, *aff'd,* 60 S.W.2d 1031 (Tex. Comm'n App.1933, judgm't adopted); TEX. PROB.CODE ANN. §§ 605, 606, 610. Once a court acquires jurisdiction over the ward and appoints a temporary guardian, the guardianship can be settled and closed when it expires; the ward dies or is found to have full capacity to care for himself and manage his property; the ward is no longer a minor; or the ward no longer must have a guardian appointed to receive funds due him from any governmental source. *See* TEX. PROB.CODE ANN. § 694(b). Nothing in the Probate Code supports the proposition that a ward's absence from the jurisdiction alone is grounds for terminating a temporary guardianship. This is especially true un-

der the circumstances presented here, where the temporary guardian submitted herself and the ward to the court's jurisdiction and sought the court's authority to act as guardian of the ward's person.[1] Therefore, at the October 4th hearing, the trial court should have proceeded on appellant's Motion to Remove Temporary Guardian, Motion in Limine, and the Application for Permanent Guardianship.

## ATTORNEY AD LITEM'S FEES

In her fourth issue, appellant asserts the trial court erred in ordering her to pay one-half of the attorney ad litem's fees. We agree. In a proceeding to appoint a guardian, the court "shall appoint an attorney ad litem" to represent the proposed ward's interest. TEX. PROB.CODE ANN. § 646(a). The cost of a guardianship proceeding "shall be paid out of the guardianship estate, or, if the estate is insufficient to pay for the cost of the proceeding, the cost of the proceeding shall be paid out of the county treasury...." *Id.* § 669(a). Montemayor was appointed by the court and his fees may be assessed as costs against Marcello's estate or the county, but not against appellant. *See Overman v. Baker,* 26 S.W.3d 506, 513 (Tex.App.-Tyler 2000, no pet.). Therefore, the trial court erred in assessing the attorney ad litem fees against appellant.

## CONCLUSION

The trial court erred in terminating the temporary guardianship of Marcello Quin-

tanilla Soberanes and we reverse that portion of the trial court's judgment and remand the case for further proceedings consistent with this opinion. The trial court also erred in ordering Marta Verges de Quintanilla to pay $3,000 in attorney's fees to F. Javier Montemayor, and we reverse that portion of the trial court's judgment. We affirm the judgment in all other respects.[2]

1. Although appointed as temporary guardian of Marcello's person, and not of his estate, Sanchez used her position as temporary guardian to notify Marcello's son (Luis Quintanilla) that the power of attorney granted to him by Marcello had been revoked, and she notified the prospective buyer of real property owned by Marcello that Luis was not authorized to proceed with the sale. Sanchez then disobeyed the court's order that Marcello remain in Laredo, and left with him for Mexico before the October 4th hearing.

2. Sanchez was also ordered to pay $3,000 in fees to Montemayor. Sanchez does not appeal this ruling; therefore, our disposition of this issue on appeal should not be interpreted as a holding that the court erred in assessing fees against her.