COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-143-CV

 

 

IN THE MATTER OF

THE GUARDIANSHIP OF 

KATHRYN HOUSEWORTH GIBBS,

AS AN INCAPACITATED
PERSON                                                           

                                                    

 

                                              ------------

 

                    FROM
PROBATE COURT OF DENTON COUNTY

 

                                              ------------

 

                                OPINION
ON REHEARING

 

                                              ------------

We withdraw our opinion of
October 5, 2006 and substitute the following. 
We deny Appellee=s Motion for
Rehearing.

I.  Introduction








Howard Kirk Gibbs, Candace
Gibbs Watson, and Kenneth Vernon Gibbs (collectively, appellants) appeal from
an adverse judgment for Kip H. Gibbs, as Next Friend for Kathryn Houseworth
Gibbs and Co-Guardian of the Estate of Kathryn Houseworth Gibbs.  In ten issues, appellants contend that (1)
the trial court, which is a statutory probate court, lacked subject matter
jurisdiction over Kip=s claims,
(2) the trial court committed harmful error by failing to timely file findings
of fact and conclusions of law, (3)-(4) the trial court erred in holding
appellants liable for tax penalties because that claim was never pleaded,
(5)-(8) the evidence is legally and factually insufficient to support Kip=s claims for breach of fiduciary duty and restitution and to support
the damages awards for those claims, (9) the trial court erred by removing
appellants as trust beneficiaries, and (10) the court=s award of attorney=s fees is improper because it lacks a statutory or contractual
basis.  We reverse the trial court=s judgment and render judgment dismissing the case.

                       II. 
Background Facts and Procedural History








The Mary L. Houseworth
Revocable Trust (Houseworth Trust) was established by Mary L. Houseworth on
July 17, 1990.  The Houseworth Trust
provided for monthly distributions to Mary=s daughter, Kathryn Houseworth Gibbs. 
Upon Kathryn=s death,
Kathryn=s four children, the appellants and appellee herein, were to be the
final trust beneficiaries.  Mary
Houseworth died in 1991, her will was probated, and the revocable trust became
irrevocable.      The Kathryn Houseworth Gibbs Irrevocable Trust (Gibbs Trust) was
also established in 1990.  The
beneficiaries of the Gibbs Trust were Mary Houseworth, Kathryn Gibbs, and Kathryn=s four children.  The Gibbs
Trust provided for distributions to any of the beneficiaries for health
emergencies and provided for coordination of maintenance distributions to
Kathryn for her living expenses.  As with
the Houseworth Trust, Kathryn=s children were the ultimate trust beneficiaries.

The Gibbs Trust also provided
that, if Kathryn and any three of her four children agreed in writing,
additional trust funds could be removed from the Trust for Kathryn=s benefit.  In 1998, allegedly
fearing the circumstances surrounding the impending Y2K scare, Kathryn and
three of her four childrenCappellantsCsigned written
authorizations to withdraw $1,015,000 from the Gibbs Trust.  Appellants used approximately $701,000 of the
money to purchase gold coins.  They also
purchased food and other items in preparation for Y2K. 








Kip Gibbs was not consulted
regarding the funds withdrawal. 
Consequently, in September 2000, Kip filed suit as next friend of
Kathryn against appellants in Denton County Probate Court.  In the suit, Kip asserted claims against
appellants for restitution/money had and received and breach of fiduciary
duties related to removal of the trust funds. 
Kip asked that a constructive trust be declared over all of Kathryn=s property and assets under appellants= control; asked the trial court to Aterminat[e] . . . any right, power, or authority by any of the
[appellants] over the Trust assets or the interference with the duly appointed
and acting Trustee@; and sought
punitive damages and attorney=s fees. 

Thereafter, on May 7, 2001,
Kip and his wife Sandra filed an application for a temporary guardianship over
Kathryn=s estate.  That same day, the
probate court issued an order approving the guardianship.  On May 15, 2001, the trial court entered an
order extending the temporary guardianship until July 6, 2001.[1]  On July 6, the court entered an order
purporting to extend the temporary guardianship until August 3, 2001. 

Meanwhile, on June 29, 2001,
Kip filed an application to convert the temporary guardianship of Kathryn=s estate to a permanent guardianship. 
Appellants never contested the application for a temporary guardianship;
however, on July 13, 2001, they contested the application for conversion of the
temporary guardianship into a permanent one. 








On October 5, 2001, the trial
court again issued an order purporting to extend the temporary guardianship of
Kathryn=s estate Auntil
further order of this court.@  Also in the October 5 order,
the trial court Atransferred
as an ancillary action to this guardianship action@ Kip=s
restitution and breach of fiduciary duty claims against appellants.  On April 27, 2004, the trial court entered an
order purporting to convert the temporary guardianship over Kathryn=s estate into a permanent guardianship.

On September 13, 2004, the
trial court called the underlying suit to trial, but appellants did not
attend.  The trial court rendered a final
judgment against appellants on Kip=s restitution and breach of fiduciary duty claims and awarded Kip a
total of $1,060,799.21 in actual and punitive damages and prejudgment
interest.  The trial court also modified
the trusts to remove appellants as trust beneficiaries. 

                      III. 
The Statutory Probate Court=s Jurisdiction








In their first issue,
appellants assert that the trial court, a statutory probate court, had no
subject matter jurisdiction over Kip=s claims against them for restitution and breach of fiduciary
duty.  Appellants contend that the
district court had exclusive jurisdiction over these claims and that the
guardianship provided no basis for the trial court=s jurisdiction because it expired by operation of law on July 6,
2001.  Kip contends that the trial court
had subject matter jurisdiction over his restitution and breach of fiduciary
duty claims by virtue of former probate code sections 5(d) and 5A(c)B (d) and section 115.001(d) of the Texas Trust Code. 

                                 A.  Probate and Trust Codes

 








A statutory probate court may
exercise only that jurisdiction accorded it by statute.[2]  Former section 5(e) provides that A[a] statutory probate court has concurrent jurisdiction with the
district court . . . in all actions involving an inter vivos trust . . . and in
all actions involving a testamentary trust.@[3]  Likewise, former section 5A(c)
provides that A[a]
statutory probate court has concurrent jurisdiction with the district court in
all actions . . . (2)  involving an inter
vivos trust; . . . and (4) involving a testamentary trust.@[4]  Former section 5A(d) provides
that A[a] statutory probate court may exercise the pendent and ancillary
jurisdiction necessary to promote judicial efficiency and economy.@[5]  

Because a statutory probate court=s jurisdiction over actions
involving trusts is concurrent with that of the district court,[6]
the district court=s
jurisdiction over actions involving trusts determines the extent of a statutory
probate court=s
jurisdiction over such actions.[7]  Section 115.001(a) of the trust code provides
that a district court has original and exclusive jurisdictionCexcept
for jurisdiction conferred by law on a statutory probate court[8]Cover
all proceedings Aconcerning
trusts,@
including proceedings to:

 

(1)  construe a trust instrument;








(2)  determine the law applicable to a trust
instrument;

 

(3)  appoint or remove a
trustee;

 

(4)  determine the powers, responsibilities,
duties, and liability of a trustee;

 

(5)  ascertain beneficiaries;

 

(6)  make determinations of fact affecting the
administration, distribution, or duration of a trust;

 

(7)  determine a question of fact arising in the
administration or distribution of a trust;

 

(8)  relieve a trustee from any or all of the
duties, limitations, and restrictions otherwise existing under the terms of the
trust instrument or of this subtitle;

 

(9)  require an accounting by a trustee, review
trustee fees, and settle interim or final accounts; and

 

(10) surcharge a trustee.[9]

Texas courts construing section 115.001(a) and
its predecessor, Texas Trust Act article 7425b-24A, have consistently held that
these statutes provide the exclusive list of actions Aconcerning trusts@ over which a district court has jurisdiction.[10]








The goal of statutory
construction is to give effect to legislative intent.[11]  Unless a statute is ambiguous,[12]
we discern that intent from the language of the statute itself.[13]  A statutory provision will not be construed
to lead to an absurd result if the provision is subject to another more
reasonable interpretation.[14]  Further, we consider the provisions of a
statute as a whole and not in isolation.[15]








Kip=s causes of action against appellants for restitution and breach of
fiduciary duty are not enumerated in section 115.001(a), nor do they fall
within its scope.  Kip has asserted
fraud-type claims against appellants, alleging that Kathryn was Aextremely gullible,@ Aincapable of
protecting her own interests,@ and was Abrowbeaten,@ Acajoled,@ and Aterrorized@ by appellants into signing a blanket authorization for withdrawal of
trust funds, which appellants wrongfully used to take control of the trust
property for their own purposes.  None of
the categories listed in section 115.001(a) encompasses these types of
claims.  AAll of [the actions enumerated in section 115.001(a)] involve actions
relating to the trust itself or the operation thereof.  None involves anything remotely resembling a
tort action.@[16]  Further, nothing in the plain
language of section 115.001(a) authorizes the trial court to modify the trust
documents, as Kip requested, to terminate appellants= rights as beneficiaries to the trust assets.  








Notwithstanding the statutory
limitations on the trial court=s jurisdiction, Kip contends that the trial court had concurrent
jurisdiction with the district court over his claims because they Arelat[ed] to@ the
Houseworth and Gibbs Trusts.  We decline
to read the statutes so broadly.[17]
The mere fact that trust funds are implicated by a claim does not transform the
claim into one Aconcerning@ or Ainvolving@ trusts.[18]  Under Kip=s theory, every lawsuit touching on trust funds, however slightly or
tangentially, would come within the subject matter jurisdiction of the
statutory probate courts, regardless of the subject matter.  Indeed, construing section 115.001(a) as Kip
suggests would render meaningless the carefully drafted categories enumerated
in the statute.[19]  We may not construe a statute to lead to an
absurd result if it is subject to another more reasonable interpretation.[20]  Moreover, we may not construe a statute in
any manner that fails to give effect to all the provisions the legislature
enacted or that reduces any provision to mere surplusage.[21]








For these reasons, we hold
that Kip=s claims for restitution and breach of fiduciary duty do not Ainvolve@ or Aconcern@ trusts as
those terms are used in the statutes and, therefore, are not within the
statutory probate court=s limited
statutory jurisdiction.  Accordingly, Kip
cannot rely on former probate code sections 5(d) and 5A(c)B(d) or trust code section 115.001 as a basis for the trial court=s subject matter jurisdiction in this case.

                                  B.  Temporary Guardianship

Next, we consider whether the
temporary guardianship provided a basis for the trial court=s subject matter jurisdiction over Kip=s claims under then probate code sections 607(d), 608 and 5A(d).  

Former Probate Code section
607(d) provides that A[a]
statutory probate court may exercise the pendent and ancillary jurisdiction
necessary to promote judicial efficiency and economy.@[22]  Former section 608 provides,








A
judge of a statutory probate court, on the motion of a party to the action or
of a person interested in a guardianship, may transfer to the judge=s
court from a district, county, or statutory court a cause of action appertaining
to or incident to a guardianship estate that is pending in the statutory
probate court or a cause of action in which a personal representative of an
estate pending in the statutory probate court is a party and may consolidate
the transferred cause of action with the other proceedings in the statutory
probate court relating to the guardianship estate.[23]

 

Kip contends that the
guardianship estate created by the trial court=s May 7, 2001 order approving the temporary guardian was pending in
the trial court at the time of the trial court=s October 5, 2001 transfer order, and, therefore, that the trial court
had the authority under section 608 to transfer and consolidate Kip=s claims with this pending guardianship estate.  We disagree.








Probate code section 875(h)
provides that a temporary guardianship expires by operation of law sixty days
after the guardianship is commenced, unless it is contested within the
sixty-day period.[24]  In this case, the sixtieth day after the
trial court issued the May 7, 2001 order approving the temporary guardianship
was July 6, 2001.  Appellants did not
contest the application for temporary guardianship.  Therefore, the temporary guardianship expired
by operation of law on July 6, 2001.[25]  

Because the guardianship had
expired before the trial court=s attempted transfer of Kip=s claims, there was no estate pending that would trigger the trial
court=s transfer power under the probate code.[26]  The trial court, therefore, had no authority
to transfer the claims by its October 5, 2001 order.  The only actions the trial court was
authorized to take were those necessary to close the guardianship and discharge
the temporary guardian.[27]









Kip contends, however, that
his September 2000 lawsuit against appellants was a contest for purposes of
section 875(h) and (k) that gave the trial court statutory authority to extend
the temporary guardianship beyond the sixtieth day.[28]  We disagree. 
The contest referenced in this section refers to a challenge to the
temporary guardianship itself, not to a lawsuit filed by the temporary guardian
against third parties.[29]  Kip=s September 2000 lawsuitCwhich predated the temporary guardianship by eight monthsCdid not contest the temporary guardianship.  Consequently, the trial court was not
statutorily authorized to further extend the temporary guardianship by its
October 5, 2001 order.[30]








Kip also argues that
appellants have admitted that they contested the temporary guardianship before
July 6, 2001, because they filed a lis pendens stating that they had contested
the temporary guardianship on May 15, 2001. 
The lis pendens states, however, that Kathryn commenced a lawsuit
in the temporary guardianship proceeding against AKenneth Vernon Gibbs, and others@[31] on May 15, 2001, the purpose of which was to Aprotest the appointment of unqualified permanent guardians of the
Ward, Kathryn Houseworth Gibbs and protect the estate of said Ward.@  Nothing in the lis pendens
shows that Kathryn or appellants contested the temporary guardianship on May
15, 2001.[32]

Finally, Kip argues that the
trial court had the authority to transfer his claims against appellants into
the expired guardianship because a statutory probate court does not lose
jurisdiction over a temporary guardianship until it is closed and, in closing
the guardianship, the court can exercise jurisdiction over claims ancillary to
the temporary guardianship such as Kip=s claims against appellants. 
Kip asserts that the expiration of a temporary guardianship under
section 875(h) is procedural and does not affect the court=s subject matter jurisdiction. 








We agree that a statutory
probate court does not lose jurisdiction over an expired temporary guardianship
until it is closed; however, the court=s authority over an uncontested, expired temporary guardianship is
limited by statute.[33]  As we have noted, sections 878 and 879 of the
probate code only authorize the court to take those actions necessary to close
an uncontested temporary guardianship and discharge the guardian.[34]  Such actions do not include transferring
other proceedings into the expired temporary guardianship.  Indeed, to hold that the court had the
authority to transfer Kip=s tort
claims against appellants into the expired guardianship would result in the
temporary guardianship continuing indefinitelyCin direct contravention of the legislative intent stated in section
875(h) that an uncontested temporary guardianship may not remain in effect more
than sixty days.[35]








For all of these reasons, we
hold that the trial court lacked statutory authority to transfer into the
expired temporary guardianship Kip=s claims against appellants and that the court=s October 5, 2001 order purporting to do so is void.[36]  Thus, Kip cannot rely on the temporary
guardianship as a basis for the trial court=s subject matter jurisdiction in this case.

C.     Application to Convert Temporary 

Guardianship to Permanent Guardianship








On
rehearing, Kip contends, among other arguments, that his Application to Convert
the Temporary Guardianship of the Estate to Permanent Guardianship of the
Estate meets the statutory requirements of an application for permanent
guardianship under section 682 of the probate code,[37]
and that, because the application was pending and contested by appellants, the
trial court had the authority to appoint a temporary guardian and transfer Kip=s claims into the permanent guardianship proceeding.  As we have noted, however, there was no
guardianship estate pending in the trial court at the time it attempted to
transfer Kip=s
claims.  The mere filing of an
application for permanent guardianship in the trial court did not create a
guardianship estate or cause a guardianship estate to be Apending@ for the
purpose of the transfer statute.[38]









Nor did the trial court=s attempts to extend the expired temporary guardianship while the
application for permanent guardianship was pending cause a guardianship estate
to be pending for the purpose of the transfer statute.  When the temporary guardianship expired
without a contest, the trial court had no authority to continue the
guardianship, or to direct the guardians to further act.[39]  Accordingly, the attempt by the trial court
on October 5, 2001 to extend the expired temporary guardianship was of no
effect.

The only procedure available
to the trial court for appointing a new temporary guardian pending its determination
of Kip=s contested application for permanent guardianship is that set forth
in section 875 of the Probate Code. 
Section 875(g) provides, in relevant part, that if

the
court determines that the applicant [for a temporary guardianship] has
established that there is substantial evidence that the person is a minor or
other incapacitated person, that there is imminent danger that the physical
health or safety of the respondent will be seriously impaired, or that the
respondent=s
estate will be seriously damaged or dissipated unless immediate action is
taken, the court shall appoint a temporary guardian by written order.  The court shall assign to the temporary
guardian only those powers and duties that are necessary to protect the
respondent against the imminent danger shown. 
The powers and duties must be described in the order of appointment.[40]


 

Additionally,
section 875(k) provides,

 








If an
application . . . for a permanent guardianship is challenged or contested, the
court, on the court=s own
motion or on the motion of any interested party, may appoint a new temporary
guardian without issuing additional citation if the court finds that the
appointment is necessary to protect the proposed ward or the proposed ward=s
estate.  A temporary guardian
appointed under this subsection must qualify in the same form and manner
required of a guardian under this code. . . .[41]

 

The record shows that the
trial court did not attempt to qualify a new temporary guardian Ain the same form and manner required of a guardian@ under the code after the original temporary guardianship expired on
July 6, 2001.[42]
Therefore, no estate was pending when the trial court attempted to transfer Kip=s claims.  The trial court,
therefore, had no transfer jurisdiction over the claims.  








In summary,
neither the probate code, the trust code, the temporary guardianship, nor the
application to convert the temporary guardianship to a permanent guardianship
gives the trial court subject matter jurisdiction over Kip=s tort claims against appellants for restitution and breach of
fiduciary duty.  Accordingly, we hold
that the trial court lacked subject matter jurisdiction over those claims and
that its judgment rendered against appellants on the claims is void.[43]  We sustain appellants= first issue.[44]

          IV.  Conclusion

Having sustained appellants= first issue, we vacate the trial court=s judgment and render judgment dismissing the cause.[45]  Appellee=s Motion for Rehearing is denied.

 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL
A:   CAYCE, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  April 3, 2008

 











[1]The
version of probate code section 875(f)(2) in effect in 2001 provided that the
ward or her attorney could consent for the order appointing the temporary
guardian to be extended up to 60 days after the date the application for
temporary guardianship was filed.  Act of
May 30, 1993, 73rd Leg., R.S., ch. 957, ' 1, sec. 875(f)(2), 1993 Tex.
Gen. Laws 4081, 4152 (amended 2003) (current version at Tex. Prob. Code Ann. ' 875(f)(2) (Vernon Supp.
2007) (providing for only a 30-day extension by consent)).





[2]Mobil
Oil Corp. v. Shores, 128 S.W.3d 718, 723 (Tex. App.CFort
Worth 2004, no pet.).





[3]Act
of May 19, 1989, 71st Leg., R.S., ch. 1035, ' 2, 1989 Tex. Gen. Laws 4162,
4163 (amended 2001, 2003, 2005) (current version at Tex. Prob. Code Ann. ' 5(e) (Vernon Supp.
2007)).  The enabling legislation
provides that the 2001 through 2005 amendments apply only to proceedings
commenced on or after the effective dates of the amendments.  Act of May 23, 2005, 79th Leg., R.S., ch.
551, ' 9,
2005 Tex. Gen. Laws 1476, 1480; Act of May 28, 2003, 78th Leg., R.S., ch. 1060,
'17(a),
2003 Tex. Gen. Laws 3052, 3057; Act of May 1, 2001, 77th Leg., R.S., ch. 63, ' 3,
2001 Tex. Gen. Laws 104, 106.  The
underlying suit was filed in September 2000; thus, we apply former section 5(d)
to this case.

 

Kip also relies on a local rule of the Denton County Probate Court,
which tracks former sections 5(d) and 5A(c) and provides that A[t]he
Probate Court of Denton County, Texas hears: 
. . . concurrently with the district court, . . . all actions involving
an inter vivos trust . . . and . . . all actions involving a testamentary trust[.]@  Denton
County (Tex.) Probate Court Loc. R. 1.2(d).  Because the probate court=s
jurisdiction is purely statutory, Mobil Oil Corp., 128 S.W.3d at 723, it
cannot confer jurisdiction on itself by local rule beyond what the legislature
has conferred by statute.  Cf. In re
Stark, 126 S.W.3d 635, 639 (Tex. App.CBeaumont 2004, orig.
proceeding) (stating that local rules cannot allow the transfer of cases from
one court to another unless the cases are within the jurisdiction of the court
to which the cases are transferred).





[4]Act
of May 19, 1989, 71st Leg., R.S., ch. 1035, ' 3, 1989 Tex. Gen. Laws 4162,
4164, repealed by Act of May 28, 2003, 78th Leg., R.S., ch. 1060, ' 16,
2003 Tex. Gen. Laws 3052, 3057.





[5]Id.





[6]See
id.





[7]Mobil
Oil Corp., 128 S.W.3d at 724.





[8]Tex. Prop. Code Ann. '
115.001(d) (Vernon Supp. 2006).





[9]Id. '
115.001(a).





[10]Mobil
Oil Corp., 128 S.W.3d at 724 & n.23 and cases cited
therein; In re NationsBank, N.A., No. 01-98-00582-CV, 1999 WL 213100, at
*3-5 (Tex. App.CHouston
[1st Dist.] April 14, 1999, orig. proceeding) (not designated for publication)
and cases cited therein.





[11]Continental
Cas. Co. v. Downs, 81 S.W.3d 803, 805 (Tex. 2002); Nat=l
Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex.
2000).





[12]The
parties do not assert that any of the statutes in this case are ambiguous.





[13]Downs, 81
S.W.3d at 805; see Tex. Gov=t Code Ann. '
311.011(a) (Vernon 2005) (AWords and phrases shall be
read in context and construed according to the rules of grammar and common
usage.@); id.
'
312.002(a) (providing that words shall be given their ordinary meaning).





[14]C
& H Nationwide, Inc. v. Thompson, 903 S.W.2d 315, 322 n.5
(Tex. 1994), abrogated on other grounds, Battaglia v. Alexander, 177
S.W.3d 893 (Tex. 2005); Sharp v. House of Lloyd, Inc., 815 S.W.2d 245,
249 (Tex. 1991).





[15]Helena
Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001).





[16]Stark, 126
S.W.3d at 642.





[17]See Sorokolit
v. Rhodes, 889 S.W.2d 239, 241 (Tex. 1994) (stating that we may not enlarge
the meaning of any word in a statute beyond its ordinary meaning).





[18]See,
e.g., Retzlaff v. Deshay, No. 14-03-00833-CV, 2004 WL 2163173, at
*5 (Tex. App.CHouston
[14th Dist.] Sept. 28, 2004, no pet.) (mem. op.) (holding that a claim for
breach of fiduciary duty against a trustee did not concern a trust within the
meaning of section 115.001(a)); Mobil Oil Corp., 128 S.W.3d at 724-25
(holding that the mere fact that the plaintiff was a trustee did not transform
the suit into one Aconcerning
trusts@
under section 115.001(a)); Stark, 126 S.W.3d at 642 (holding that claims
for fraud, conspiracy, and breach of fiduciary duty were not claims Aconcerning
trusts@
within the meaning of section 115.001(a) or claims Ainvolving
trusts@
within the meaning of former probate code section 5A(c)); NationsBank,
1999 WL 213100, at *4 (holding proceedings Aconcerning trusts@
under section 115.001(a) did not include claims for negligent
misrepresentation, breach of fiduciary duty, or other torts allegedly committed
by the trustee); Mayflower Trust Co. v. Nowell, 413 S.W.2d 783, 786
(Tex. Civ. App.CHouston
1967, writ dism=d)
(holding that former article 7425b-24A, the predecessor to section 115.001(a),
did not cover a suit by trust beneficiaries against the trustee and others
alleging conversion of trust assets, fraud, and other torts).





[19]See Mobil
Oil Corp., 128 S.W.3d at 725; NationsBank, 1999 WL 213100, at *4
n.10 (both holding same).





[20]C
& H Nationwide, Inc., 903 S.W.2d at 322 n.5.





[21]Mobil
Oil Corp., 128 S.W.3d at 725; see State ex rel. State
Dep=t of
Highways and Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex.
2002) (stating that courts read a statute as a whole and interpret it to give
effect to every part); Helena Chem. Co., 47 S.W.3d at 493 (stating that
courts must not consider statutory provisions in isolation or give one
provision a meaning out of harmony or inconsistent with other provisions).





[22]Act
of September 1, 1993, 73rd Leg., R.S., ch 957, '1,
1993 Tex. Gen. Laws 4081, 4084, repealed by Act of September 1, 2003, 78th
Leg., R.S., ch 549, '33,
2003 Tex. Gen. Laws 1858, 1870.





[23]Act
of September 1, 1999, 76th Leg., R.S., ch 1431, '2,
1999 Tex. Gen. Laws 4876 (amended 2003) (current version at Tex. Prob. Code Ann. ' 608
(Vernon Supp. 2007)).





[24]Tex. Prob. Code Ann. '
875(h) (Vernon Supp. 2007) (AExcept as provided by
Subsection (k) of this section, a temporary guardianship may not remain in
effect for more than 60 days.@); see In re Guardianship
of Soberanes, 100 S.W.3d 405, 407 (Tex. App.CSan
Antonio 2002, no pet.) (stating that a temporary guardianship may not remain in
effect for more than sixty days unless it is contested during that time
period).





[25]Tex. Prob. Code Ann. '
875(h); In re Guardianship of Soberanes, 100 S.W.3d at 407.





[26]In re
John G. Kenedy Mem=l
Found., 159 S.W.3d 133, 145B46 (Tex. App.B
Corpus Christi 2004, orig. proceeding).





[27]Tex. Prob. Code Ann. '' 878B79
(Vernon 2003).  These actions included
reviewing the temporary guardian=s final accounting; Aimmediately@
ordering the temporary guardian to deliver the estate remaining in the
temporary guardian=s
possession to the person legally entitled to possession of it; and discharging
the temporary guardian upon proof that the guardian had delivered the estate
property as required by the statute.  Id.





[28]See Act
of Sept. 1, 1995, 74th Leg., R.S., ch 1039, 1995 Tex. Gen. Laws 5168
(amended 2003)(current version at Tex.
Prob. Code Ann. '
875(k)(Vernon Supp. 2007)) (providing that if temporary guardianship is
contested, trial court may appoint new temporary guardian); In re
Guardianship of Sobranes, 100 S.W.3d at 407 (holding that temporary
guardianship may remain in effect more than sixty days, if contested).





[29]See Act of September 1, 1995, 74th
Leg., R.S., ch 1039, '64,
1995 Tex. Gen. Laws 5168 (amended 2003)(current version at Tex. Prob. Code Ann. '
875(k)(Vernon Supp. 2007)).





[30]Once
a temporary guardianship expires by operation of law, Aa
judicial decree is not available to continue the administration, or to direct
the administrator to further act.@  Hurley v. White, 66 S.W.2d 393, 395
(Tex. Civ. App.BDallas
1933, no writ).





[31]Kenneth
Gibbs is one of the appellants.





[32]Although
a contest to an application to convert a temporary guardianship into a
permanent one can preclude the expiration of a temporary guardianship by
operation of law, see Act of Sept. 1, 1995, 74th Leg., R.S.,
ch. 1039, '64,
1995 Tex. Gen. Laws 5168 (amended 2003), no such application was pending in May
2001. 





[33]Mobil
Oil Corp., 128 S.W.3d at 723; see Tex. Prob. Code Ann. '' 878B79.





[34]Tex. Prob. Code Ann. '' 878B79.  To the extent that In re Guardianship of
Bayne, 171 S.W.3d 232, 238 (Tex. App.CDallas 2005, pet. denied),
holds that a trial court may continue a temporary guardianship indefinitely, we
believe that Bayne is contrary to section 875 and decline to follow
it.  See, e.g., Tex. Prob. Code Ann. '
875(h).





[35]Id. '
875(h); see Nat=l Liability & Fire Ins.
Co., 15 S.W.3d at 527 (holding that courts construe statutes to give
effect to the legislature=s
intent and presume the legislature intended the plain meaning of its words).

 

As an aside, we note that a statutory probate court has much broader
statutory authority when it is required to settle a guardianship estate
before closing it.  See Tex. Prob. Code Ann. '
606(e) (Vernon Supp. 2007) (setting forth the extent of a court=s
authority when a guardianship is required to be settled before closure).  The settlement of a guardianship estate is a
much more elaborate process than the mere closure of one.  See id. '' 746,
748B58
(Vernon 2003), ' 747
(Vernon Supp. 2007).  An uncontested,
expired temporary guardianship is not required to be settled, however, but only
closed.  See id. ' 745
(omitting the expiration of an uncontested temporary guardianship by operation
of law from the list of circumstances in which a guardianship estate must be
settled).  Kip=s
reliance on In re Guardianship of Soberanes as support for his argument
that an uncontested, expired temporary guardianship must be both settled and
closed is misplaced.  That case involved
a contested temporary guardianship, not an uncontested one that had expired by
operation of law.  100 S.W.3d at 406-07.





[36]See
DB Entertainment, Inc. v. Windle, 927 S.W.2d 283, 289 (Tex.
App.CFort
Worth 1996, orig. proceeding) (holding that statutory probate court=s
order transferring a case to itself without statutory authority was void).





[37]Act
of Sept. 1, 1999, 76th Leg., R.S., ch. 829,'4,
1999 Tex. Gen. Laws 3461, 3462(amended 2003)(current version at Tex. Prob. Code Ann. ' 682
(Vernon Supp. 2007)).





[38]In re
John G. Kenedy Mem=l
Found., 159 S.W.3d at 145-46; Pratho v. Zapata, 157 S.W.3d 832, 840
(Tex. App.BFort
Worth 2005, no pet.).  Because the
probate court must determine that a guardianship is necessary before appointing
a guardian, merely instituting proceedings in the probate court by filing an
application for guardianship does not guarantee that a guardian will be
appointed.  If the court declines to
appoint a permanent guardian, it is illogical to conclude that a guardianship
estate was pending from the time of filing until the court=s
refusal.  See Pratho, 157 S.W.3d
at 840.





[39]See supra
notes 26-27 and accompanying text; see also Hurley, 66 S.W.2d at 395
(AThe
administration being closed by operation of law and the very terms of the order
of the court making the appointment . . . a judicial decree is not available to
continue the administration, or to direct the administrator to further act.@). 





[40]Act
of Sept. 1, 1993, 73rd  Leg.,
R.S., ch. 957, '1,
1993 Tex. Gen Laws 4081, 4152 (amended 2003)(current version at Tex. Prob. Code Ann. '
875(g)(Vernon Supp. 2007)). 





[41]Act of September 1, 1995, 74th
Leg., R.S., ch 1039, '64,
1995 Tex. Gen. Laws 5168 (amended 2003)(current version at Tex. Prob. Code Ann. '
875(k)(Vernon Supp. 2007)).





[42]Id.





[43]See
DB Entertainment, 927 S.W.2d at 289; see also Mapco, Inc. v.
Forrest, 795 S.W.2d 700, 703 (Tex. 1990) (stating that a judgment is void Awhen
it is apparent that the court rendering the judgment had . . . no jurisdiction
of the subject matter@).





[44]In
light of our disposition of this issue, we need not consider appellants= and
appellee=s
other issues or arguments.  See Tex. R. App. P. 47.1 (providing that an
appellate court need address only issues raised that are necessary to the final
disposition of the appeal).





[45]Tex. R. App. P. 43.2(c); see Mobil Oil
Corp., 128 S.W.3d at 725-26 (vacating orders in cases over which the
statutory probate court had no subject matter jurisdiction and dismissing the
cases).