Opinion issued
June 16, 2011

 

 

 

 

 



 

 

 

 

 

 

 

In The

Court
of Appeals

For The

First
District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-00717-CV

____________

MIGUEL TREVINO, Appellant

 

V.

 

MARISSA SARREAL REESE, Appellee

 

 

On Appeal from the
Probate Court

Galveston County, Texas

Trial Court Cause No. PR-71646

 

 

 



MEMORANDUM OPINION

          Appellant,
Miguel Trevino, challenges the trial court’s order compelling him to pay, as
costs, the legal fees and expenses incurred by a court-appointed attorney ad litem for his incapacitated wife, Christine Sarreal Trevino.  In his
sole issue, Miguel contends that the trial court erred in taxing the attorney
ad litem fees as costs against him rather than
Christine’s estate or Galveston County.[1]   

We reverse and remand.       

Background

          In
2007, Christine became incapacitated after giving birth to her and Miguel’s
daughter.  On January 27, 2010, Marissa Sarreal Reese, Christine’s sister, filed an application to
be appointed temporary or permanent guardian of Christine and her estate.  In her application, Reese alleged that
Christine had resided with her from the time that she had become incapacitated
in 2007, Miguel visited Christine only “on rare occasions,” and he was
unemployed and was exploiting Christine’s estate.  Reese further alleged that although Miguel was
receiving Christine’s income, disability, and social security payments, he had
failed to adequately provide for Christine financially.  Reese also filed a motion to appoint an
attorney ad litem for Christine.  On the same day that Reese filed this motion,
the trial court appointed Darlene Payne Smith as Christine’s attorney ad litem to represent and protect Christine’s rights and interest.  See
Tex. Prob. Code Ann. 646(a) (Vernon Supp. 2010).  On February 9, 2010, Miguel filed a competing
application to be appointed Christine’s guardian, and the trial court entered
an “agreed order” appointing Reese as Christine’s “temporary guardian pending
contest.”  

In April 2010, Miguel filed a
petition, seeking a divorce from Christine and alleging that the marriage had
become unsupportable.   After the trial
court ordered the parties to mediation, Reese and Miguel, along with ad litem Smith, executed a “Rule 11 and Family Settlement
Agreement” concerning “all related claims and controversies.”[2] Miguel,
Reese, their counsel, and Smith signed the settlement agreement, in which the parties
set forth the terms of their agreement in an attached exhibit, entitled
“Outline of Terms of Rule 11 and Family Settlement Agreement as to Division of
Assets and Liabilities and as to Other Matters” (the “settlement agreement”).  In the settlement agreement, Miguel agreed to
withdraw his application for guardianship, the parties detailed the assets and
liabilities to be awarded to Miguel and Christine, and they provided for
“payment of ad litem’s fees as determined by the
Court.”    

Reese subsequently filed with the
trial court an “Application to Approve Rule 11 and Family Settlement Agreement,”
noting that the parties had settled all matters at mediation “except who will
pay the Attorney ad litem’s fees and expenses.” Reese
argued that the fees should be paid, in part, by Miguel because the “majority
of ad litem fees were incurred” as a result of his competing
application, which Reese contended had been filed in bad faith.   

On July 19, 2010, the trial court
conducted a hearing on Reese’s application, and, in accordance with the
settlement agreement, appointed Reese as guardian and  then addressed the ad litem fees. At the hearing, Smith explained that she had
incurred fees of $8,750, and neither party objected to this amount.  Smith noted that the only disagreement following
mediation concerned which party would pay her fees.  Smith stated that, at mediation, it was her
understanding that, “at the very least,” the parties “would be sharing the
attorney ad litem fees,” and she opined that it would
not be appropriate for Christine to pay all the fees.  Smith also stated that, based upon her
understanding regarding the possible sharing of her fees, she did not seek, on
Christine’s behalf, spousal support or alimony from Miguel.  Reese’s counsel asserted that, in light of the
other benefits afforded to Miguel under the settlement agreement, the parties
agreed to allow the trial court to determine which party should pay the ad litem fees.  Miguel’s
counsel stated that Miguel had been willing to split the ad litem
fees at mediation and he would not object to splitting the fees.  He stated, “I think it was the last issue we
discussed, and we said let the Court decide. 
My client is amenable to split it, Your Honor.” 

The trial court inquired about its authority
to assess the ad litem fees, and Smith noted that it
could, “for good cause, to be stated on the record, adjudge the costs otherwise
than as provided by law or the[] rules.”[3]  Smith suggested that the phrase “by law” could
be interpreted to include reference to the settlement agreement and the trial
court was authorized to
“assess costs any way [it] wanted.” The
trial court approved Smith’s request for $8,750 in ad litem
fees and ordered Trevino to pay the full amount of these fees. 

Following the hearing, the trial
court signed an “order granting authority to pay attorneys’ fees and expenses
and discharging attorney ad litem.”  It approved Smith’s fees, taxed them as costs,
and ordered that Smith be paid in accordance with its order approving the settlement
agreement.  In its order approving the
settlement agreement, the trial court authorized Reese to fulfill the
settlement agreement on Christine’s behalf, and it ordered that Smith’s fees
and expenses be “taxed as costs” and be paid by Miguel.  

Jurisdiction

We first note that Reese argues
that this Court does not have jurisdiction to review the challenged order
because it “did not dispose of all claims and parties and was merely part of
the pending guardianship and divorce proceedings.”

Generally, parties may appeal only
from final judgments.  Lehmann v. Har-Con Corp., 39 S.W.3d
191, 195 (Tex. 2001). 
However, probate proceedings give rise to a recognized exception to the
general rule since multiple judgments may be rendered on discrete issues before
the entire probate proceeding is concluded.  See Brittingham-Sada de Ayala v. Mackie, 193 S.W.3d 575,
578 (Tex. 2006); Fernandez v. Bustamante,
305 S.W.3d 333, 337 (Tex. App.—Houston [14th Dist.] 2010, no pet.); see also Tex. Prob. Code Ann. § 606(g) (Vernon Supp. 2010)
(stating that “[a] final order of a court that exercises original probate
jurisdiction is appealable to a court of appeals”).  A probate
order is final “if it conclusively disposes of and is decisive of the issue or controverted question for which that particular part of the
proceeding was brought, even if the decision does not fully and finally dispose
of the entire probate proceeding.”  Huston v. Fed. Deposit Ins. Corp., 800 S.W.2d 845, 848 (Tex. 1990).  

Not all probate orders are
appealable. Brittingham-Sada de Ayala, 193 S.W.3d at 578.  Determining whether sufficient attributes of
finality exist to confer appellate jurisdiction over an order arising from a
probate proceeding depends on whether the order resulted from the adjudication
of a substantial right or disposed of all issues in a particular phase of the
proceeding.  Id.  The Texas Supreme Court
has adopted the following standard to determine whether an order in a probate
matter is appealable:

If
there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate
proceedings to be final and appealable, that statute controls. Otherwise, if
there is a proceeding of which the order in question may logically be
considered a part, but one or more pleadings also part of that proceeding raise
issues or parties not disposed of, then the probate
order is interlocutory.

 

Crowson v. Wakeham, 897 S.W.2d
779, 783 (Tex. 1995).

In this case, the trial court’s order not only required appellant to pay the ad litem fees, but also released Smith as the ad litem.  Therefore,
for the purposes of Smith’s fees, the order concluded a discrete phase of the
proceedings.  See Roach v. Rowley, 135 S.W.3d 845, 848 (Tex. App.—Houston [1st
Dist.] 2004, no pet.) (holding that orders awarding
administrator’s fees and expenses were final and appealable orders); In re Guardianship of Humphrey, No.
12-06-00222-CV, 2008 WL 2445503, at *3 (Tex. App.—Tyler June 18, 2008, pet.
denied) (mem. op.) (stating that “order authorizing
attorney ad litem fees concluded a discrete phase of
the guardianship proceedings in the probate court and is final and
appealable”); see also Bergeron v. Session, 554 S.W.2d 771, 775
(Tex. Civ. App.—Dallas 1977, writ ref’d n.r.e.) (order approving the
amount of fees to be awarded to a receiver and an accountant for their services
up to the date of the order is final and appealable, not interlocutory).  Accordingly, we hold that the trial court’s
order regarding the award and payment of the ad litem
fees is appealable.

Assessment of Ad Litem Fees

In his sole issue, Miguel argues
that the trial court erred in assessing the attorney ad litem
fees and expenses against him because the Texas Probate Code requires that these
fees be assessed against Christine’s estate or, if Christine’s estate is unable
to pay such fees, Galveston County.  See Tex. Prob. Code
Ann. § 665(a) (Vernon Supp. 2010).

Reese argues that Miguel waived any
error regarding the trial court’s lack of authority to assess the ad litem fees against him because he did not object to the
assessment in the trial court.  Reese further
argues that the trial court did not err in assessing the ad litem
fees against Miguel because “the parties entered a valid written contract
whereby they agreed to allow the [trial court] to determine the payment” of the
ad litem fees.  

The Probate Code provides that in a proceeding for the
appointment of a guardian, a court shall appoint an attorney ad litem to represent the interests of the proposed ward.  Tex. Prob. Code Ann. § 646(a).
 In regard to the payment of fees
incurred by the ad litem, section 665A provides,

The court shall order the payment of a fee set by the court as
compensation to the attorneys, mental health professionals, and interpreters
appointed under this chapter, as applicable, to be taxed as costs in the case. If after examining the proposed ward’s
assets the court determines the proposed ward is unable to pay for services
provided by an attorney, a mental health professional, or an interpreter
appointed under this chapter, as applicable, the county is responsible for the cost of those services.

Id. § 665A (emphasis added). 

Further in regard to payment, section 669 of the Probate Code
provides,

Except as provided by Subsection (b), in a guardianship matter, the cost
of the proceeding, including the cost of the guardian ad litem
or court visitor, shall be paid out of
the guardianship estate, or, if the estate is insufficient to pay for the cost
of the proceeding, the cost of the proceeding shall be paid out of the county
treasury, and the judgment of the court shall be issued accordingly.

Id. § 669 (emphasis added). 

Based upon these provisions, Texas courts have held that ad litem fees, which are taxed as costs, are to be paid by the
proposed ward or, if the ward is unable to pay, the pertinent county.  See
Overman v. Baker, 26 S.W.3d 506, 512–13 (Tex.
App.—Tyler 2000, no pet.) (stating that although “[i]t
is not clear whether Section 669 is intended to apply to a temporary
guardianship application which has been successfully contested,” the “clear
implication” from section 665A is that the ad litem’s fees, which are assessed
as costs, “be paid out of the proposed ward’s assets unless the court
determines that the proposed ward is unable to pay for such services in which
case the county is to be responsible for such costs”); see also In re Guardianship of Marburger,
329 S.W.3d 923, 931 (Tex. App.—Corpus Christi 2010, no pet.); In re Guardianship of Soberanes,
100 S.W.3d 405, 408 (Tex. App.—San Antonio 2002, no pet.); In re Guardianship of Humphrey, 2008 WL 2445503, at *3.  

Despite this authority, Reese contends that the trial court
was permitted to assess the ad litem fees against
Miguel under the Texas Rules of Civil Procedure.  See
Tex. R. Civ. P. 131 (providing
that “successful party to a suit shall recover of his adversary all costs
incurred”); Tex. R.
Civ. P. 141 (providing that trial court may
“for good cause, to be stated on the record, adjudge the costs otherwise than
as provided by law or these rules”).  However, the Tyler Court of Appeals has
previously considered, and rejected, similar contentions.  See In re Guardianship of Humphrey, 2008 WL
2445503, at *4.  The Tyler Court
concluded that, to the extent rule 141 conflicted with section 665A, the “the
specific mandate” of section 665A controlled.  Id.  In light of the above authority holding that
ad litem fees must be taxed as costs against either
the ward or the county if the ward is unable to pay, we agree that the mandate
in section 665A controls and, here, the trial court was not authorized by the
Texas Rules of Civil Procedure to assess the ad litem
fees as costs against Miguel.   

In regard to Reese’s waiver argument, we note that although
the reporter’s record from the hearing reveals that Miguel did not cite the
specific sections of the Probate Code that are now discussed on appeal, it is
clear from the record that Miguel and Reese took conflicting positions as to
who should pay the ad litem fees based upon statutory
authority for the assessment of fees.  Although
Smith stated that she did not think it was “fair” for Christine to pay all the
fees, she acknowledged, “I know what the statute says.”  The record also reveals that the trial court
inquired of Smith whether there was “something in the statute” that would
provide it with discretion in assessing fees, and Smith cited rule 141.  In sum, the record indicates that even though
the specific Probate Code provisions were not discussed in any detail, the
parties made the trial court aware of their dispute over which party should pay
the fees.  Also, both the trial court and
the parties were aware of the statutory authority on the matter as well as the
potentially relevant rules of civil procedure.  Thus, we conclude that Miguel did not waive
his complaint in the trial court.  We
also conclude that Miguel’s citation to section 665A in his appellate brief was
sufficient to preserve his appellate complaint, even though he did not cite
section 669, which is also relevant to our anlaysis.

Finally, we address Reese’s argument that the assessment of
fees against Miguel was authorized by the settlement agreement.  Texas Rule of Civil Procedure 11 states that
“[u]nless otherwise provided in these rules, no
agreement between attorneys or parties touching any suit pending will be
enforced unless it be in writing, signed and filed with the papers as part of
the record, or unless it be made in open court and entered of record.”  Tex.
R. Civ. P. 11.  We recognize that
rule 11 agreements are generally enforceable, here, however, the settlement
agreement merely provided for the “payment
of ad litem’s fees as determined by the Court.”  It did not vest the trial court with
discretion to not follow the law.  It
simply stated that the the fees would be awarded “as
determined by the Court.”  At the
hearing, although Miguel agreed that he would be amenable to splitting the
fees, he did not state that he intended to waive controlling authority and pay
all the fees.  We hold that the
settlement agreement, which left the resolution of the dispute over the payment
of the ad litem fees to the trial court, did not
permit the trial court to assess fees contrary to the Probate Code.

We sustain Miguel’s sole issue. 

Conclusion

          We
reverse the judgment of the trial court. 
Because the trial court assessed the fees against Miguel, it did not
consider whether Galveston County should be held responsible for the payment of
such fees.  Accordingly, we remand for
further proceedings consistent with the opinion.

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Higley, and Brown.











[1]               See Tex. Prob.
Code Ann. § 665A, 669 (Vernon Supp. 2010).





[2]           See Tex.
R. Civ. P. 11.  





[3]           See Tex. R. Civ. P. 141.